In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3531

MAURICE EVANS,

*Petitioner-Appellant,*

*v.*

STEPHANIE DORETHY, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14-cv-7018 — **John W. Darrah**, *Judge.*

ARGUED JULY 7, 2016 — DECIDED AUGUST 12, 2016

Before WOOD, *Chief Judge*, and BAUER and KANNE, *Circuit Judges*.

PER CURIAM. An Illinois jury convicted Maurice Evans of felony murder based on the felony "mob action," which led to the death of Daniel McKenzie. Evans argued on direct appeal that the trial court violated his Sixth Amendment right to have a jury determine every factual element required for conviction. He contended that the trial court should have allowed the jury to determine whether the underlying offense of mob

action had a felonious purpose independent of the killing. The last state court to address this issue concluded that the trial court "adequately apprised" the jury. Evans renewed his claim in his petition for collateral relief under 28 U.S.C. § 2254, but the district court denied relief. It reasoned that Evans's claim improperly asks a federal court to review a state court's interpretation of state law. We find that Evans's petition does, in fact, properly present a federal claim: the denial of his Sixth Amendment right to have a jury determine each element of a state crime. But Evans's assertion that Illinois defines felony murder to include "independent felonious intent" as a factual element is wrong. We thus affirm the district court's denial of Evans's petition.

## Background

We recite the facts as found by the state court in reviewing Evans's direct appeal. *See People v. Evans*, 2013 IL App (1st) 111921-U (Ill. App. Ct. Oct. 29, 2013). This case began with a late-night, gang-related brawl on a Chicago "L" train. Evans and three other young men were riding a northbound Red Line train at about 2 a.m. when brothers Daniel and Michael McKenzie and their friend, Rob Base, boarded the same car at 22nd Street. Evans approached Michael and asked "who he be" (a reference to gang affiliation) and Michael replied that, although he used to be a member of the Gangster Disciples, he "wasn't on that" and they just wanted to get somewhere. Evans then asked the same question of Daniel, who didn't answer. According to a fellow passenger, either Evans or one of his companions then warned, "Oh, okay. You GD, huh. Yeah, we at war with GD's. We New Breeds."

A fight ensued. Evans punched Daniel in the jaw, and the men scuffled with fists, belt buckles, and a box cutter. The

McKenzie brothers and their friend fled the train, but the clash continued. Evans's group chased the others across the train's platform. Michael and Rob Base got away, but Evans caught Daniel when he picked up a trash can lid to defend himself. CTA surveillance video, played for the jury, shows Evans's men kick Daniel and beat him with their belts until Daniel tumbled from the platform onto the tracks. (It is unclear whether he fell accidentally, jumped, or was pushed). Daniel fell on the third rail and was electrocuted.

The state prosecuted Evans and his accomplices with felony murder based on mob action. To obtain a felony-murder conviction in Illinois, the prosecution must prove two elements: (1) that a defendant "kill[ed] an individual without lawful justification" while (2) "he is attempting or committing a forcible felony other than second degree murder." 720 ILCS 5/9-1(a)(3). Mob action, in turn, is "the knowing or reckless use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law." 720 ILCS 5/25-1(a)(1). Evans argued to the trial court that, in addition to the above elements, the jury must also find a judicially created third element for a felony murder: that he committed the underlying predicate felony of mob action with a felonious purpose independent of the murder. Evans proposed two instructions that, he asserted, would properly apprise the jury of this additional element:

> In order for you to find the defendant guilty, you must find, beyond a reasonable doubt, that the acts which constitute Mob Action do not arise from an act of murder, and that the acts constituting Mob action are not inherent in an act of murder itself.

> In order for you to find the Defendant guilty, you must find, beyond a reasonable doubt, that the defendant acted with a felonious purpose for Mob Action that was independent of a felonious purpose for a murder.

The trial court refused both proffers and instructed the jury using the two statutory elements noted above, from the Illinois Pattern Jury Instructions. The jury convicted Evans, and he received a sentence of 28 years.

Evans appealed but obtained no relief. He argued on direct appeal that the court's refusal to allow the jury to determine whether he committed mob action with a felonious purpose independent of murder violated his right to have a jury determine every fact necessary for conviction. Citing Illinois law, he observed that "where the acts constituting forcible felonies arise from and are inherent in the act of murder itself, those acts cannot serve as predicate felonies for a charge of felony murder." *People v. Morgan*, 758 N.E.2d 813, 838 (Ill. 2001). The Appellate Court of Illinois agreed with Evans's description of felony murder. But, the court continued, the trial court properly instructed the jury. The Supreme Court of Illinois denied review.

Smith petitioned in federal court for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He framed his jury-instruction argument as a denial of the Sixth Amendment right to have a jury determine beyond a reasonable doubt every element required for conviction. The district court denied his petition on the ground that a federal court may not review a state court's interpretation of state law. The district court then issued Evans a certificate of appealability.

## Analysis

On appeal Evans continues to press his Sixth Amendment Claim. He argues that, in addition to the statutory elements of felony murder ((1) commission of a forcible felony (2) that causes death), the Supreme Court of Illinois has added a third. The third element, Evans contends, requires proof to a jury that the defendant committed the predicate felony with a purpose independent from the act of murder itself. Because, Evans continues, the state courts denied his Sixth Amendment right—clearly established by the Supreme Court—to have a jury determine every fact necessary for conviction, 28 U.S.C. § 2254(d) entitles him to relief.

The state acknowledges Evans's constitutional right to have a jury determine each element of the crime, but counters that his argument rests on a misstatement of state law. The state appellate court correctly determined that "independent felonious purpose" is not an element of felony murder, the state insists.

The district court was wrong to view Evans's claim as presenting only an issue of state law. Although his petition requires an understanding of Illinois law, Evans contends that the trial court violated his federal Sixth Amendment right to have a jury determine whether he committed each element of the charged crime. And that right is clearly established: "The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013); *Hurst v. Florida*, 136 S. Ct. 616, 621–22 (2016) (applying principle that Sixth Amendment and due process clause require "each element of a crime be proved to a jury beyond a reasonable doubt" to

hold unconstitutional a sentencing scheme where death penalty was imposed after a *judge* determined presence of aggravating factors); *Mullaney v. Wilbur*, 421 U.S. 684, 703–04 (1975) (affirming grant of petition for a writ of habeas corpus where state violated due process by shifting burden to defendant to prove absence of heat of passion in order to reduce murder charge to manslaughter). If felony murder in Illinois includes as a third element "independent felonious intent," then the premise of Evans's claim under the Sixth Amendment is satisfied.

The problem with Evans's reasoning, however, is that he cannot establish a Sixth Amendment violation because "independent felonious intent" is not an element of Illinois felony murder. The cases on which Evans relies do not require that the prosecution supply evidence of independent felonious intent. Rather, they require an inquiry into whether two events—the predicate felony and the resulting death—are so closely connected that the prosecution must prove murder instead of felony murder. "[W]here the acts constituting forcible felonies arise from and are inherent in the act of murder itself, those acts cannot serve as predicate felonies for a charge of felony murder." *Morgan*, 758 N.E.2d at 836–38. In *Morgan*, a teenager who shot his grandparents was convicted of felony murder based on the predicate crimes of aggravated battery and aggravated discharge of a firearm. *Id.* at 818–19, 838. The court ruled that the state should not have charged felony murder because the predicate felonies and the murders depended on the same acts. Permitting the state to prosecute felony murder in that situation would enable the state to charge all fatal shootings as felony murder, eliminating the need to prove intent to kill.

*Morgan* is thus about the legal sufficiency of the facts underlying a charge of felony murder—a question for a judge, not a jury. Morgan himself had moved to dismiss the charge of felony murder before trial, confirming the high court's view that he challenged the legal sufficiency of the charge. *Id.* at 836. Two years later the state's high court confirmed this view. It reversed as legally deficient a conviction for felony murder because a single act formed the basis of both the alleged underlying felony (aggravated battery) and the killing. *People v. Pelt*, 800 N.E.2d 1193, 1197 (Ill. 2003). The Illinois Supreme Court has also twice upheld as legally sufficient convictions for felony murder where the underlying felony (mob action, as in Evans's case) is separate from the ensuing death. *See People v. Davis*, 821 N.E.2d 1154, 1163 (Ill. 2004); *People v. Davison*, 923 N.E.2d 781, 787 (Ill. 2010). In *Davis*, the court held that mob action was a proper predicate felony because it was sufficiently distinct from the killing: the state had to prove that the defendant took part in a violent, group disturbance, but the defendant need not have touched the victim. 821 N.E.2d at 1163. And the *Davison* court ruled that the state could properly charge felony murder where the defendant participated in a group pursuit and attack of the victim—thus committing mob action—but had no intent to kill. 923 N.E.2d at 787.

These cases establish that the trial court here committed no Sixth Amendment violation because the trial judge did not withdraw from the jury any factual questions. Evans's mob had "independent felonious intent" only if the mob's beating of him was sufficiently distinct from the death that the beating caused. And this question about the separateness of those two events was a legal one for the court, not the jury. *Davison*, 923 N.E.2d at 785 ("Because this appeal solely presents a question

of law, we review it *de novo*."). Evans's trial counsel doubtless understood this when, at the close of the state's case in chief and relying on the four cases just discussed, he moved for a legal ruling that no felony murder had occurred. Because "independent felonious intent" is a legal assessment of the separateness of two events, the Sixth Amendment did not require a jury to decide the issue. Accordingly, we AFFIRM.