MERRITT, Circuit Judge,
concurring.
I do not agree with my colleagues’procedural ruling that thé Eighth Amendment claim in this case has not been decided by the Ohio Supreme Court on the merits but rather is procedurally defaulted. My colleagues appear to believe that we cannot review the merits of this claim directly in habeas corpus—due to a procedural default that kept the Ohio Supreme Court from reviewing it on the merits. On page 497 of her opinion, Judge Donald says, *506 “Hutton defaulted this claim.” Judge Rogers makes the same statement in the first paragraph of his dissenting opinion. My reasoning is that the Eighth Amendment claim, although not presented by Hutton’s ineffective appellate counsel on direct appeal, was clearly and persuasively presented by three dissenting members of the Ohio Supreme Court. The full Ohio Supreme Court had clear notice of the issue. The habeas law on this subject appears to be that a state court is “presumed” to decide the merits of a federal issue when, as here, it has indisputable notice of the question explained by three members as decisive. In these circumstances, the state court cannot be regarded as not having ruled on the merits when it remains silent. In this case silence speaks volumes. The Supreme Court has held many times that
when a state court issues an order that summarily rejects without discussion all the claims raised by a defendant, including a federal claim that the defendant subsequently presses in a federal habeas proceeding, the federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits.
Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1091, 185 L.Ed.2d 105 (2013) (citing Harrington v. Richter, 562 U.S. 86, 98-99, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)). If we are to adhere to Johnson and Richter, it makes no sense at all to create additional hurdles for Hutton to jump by ruling that the Ohio Supreme Court did not rule on the Eighth Amendment issue that three dissenting justices discussed at length as an obvious constitutional error. Although it is unclear why the Ohio Supreme Court majority did not respond to the dissenting justices’ very clear, constitutional argument, it is clear, as the court acknowledged in a subsequent opinion in 2003, that the point was before the court. In upholding the death penalty, the majority simply chose to remain silent on the issue in order to avoid reversing the death penalty. Therefore, we must assume that the Ohio Supreme Court was aware of the issue and ruled against Hutton on the Eighth Amendment issue.
I. Hutton’s Penalty Phase Invalid under Eighth Amendment
Three dissenting justices on the Ohio Supreme Court said that the imposition of the death penalty in this case is clearly unconstitutional under the Eighth Amendment and that the issue must be reached and decided. Of the seven members of the Ohio Supreme Court when the case was decided on direct appeal in 1990, three wrote an opinion upholding the death penalty in Hutton’s case, one concurred in the result, and three dissented. The three dissenters wrote that the imposition of the death penalty here clearly violated the basic doctrinal requirement of Gregg v. Georgia, 428 U.S. 153, 196, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), that specific “aggrava-tors” be present in the case and explicitly defined by the trial court and explained to the juiy as the aggravating factors to be weighed by the jury against mitigating evidence.
After ruling the death penalty unconstitutional in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the Supreme Court in Gregg reconsidered and required a capital sentencing system in which the jury must find “aggravating” factors in addition to simple murder and in which the trial court must instruct the jury as to the process of weighing specific aggravators against mitigating evidence.[1] *507 The dissenting justices in Hutton’s case noted that there were no such qualifying aggravator-mitigator instructions at Hutton’s capital sentencing trial and that the capital sentencing proceeding clearly violated constitutional standards:
Without any instruction [at sentencing] defining “aggravating circumstances,” the jury was left “with untrammeled discretion to impose or withhold the death penalty.” Gregg v. Georgia (1976), 428 U.S. 153, 196, at fn. 47, 96 S.Ct. 2909, 2936, at fn. 47, 49 L.Ed.2d 859. This, the United States Constitution forbids.
State v. Hutton, 53 Ohio St.3d 36, 559 N.E.2d 432, 449 (1990).
The three dissenters explained the situation at trial as follows:
The trial court’s instructions to the jury correctly explained that the jury was required to weigh the aggravating circumstances against the mitigating factors, and could impose a sentence of death only if the aggravating circumstances outweighed the mitigating factors. Unfortunately, the court failed to tell the jury what the “aggravating circumstances” were.
[[Image here]]
No jury (or anyone else) can weigh aggravating circumstances against mitigating factors without knowing what the aggravating circumstances are. This weighing process is the very purpose of the sentencing phase of a capital trial.
Id. at 448-49.
The three dissenting justices also found that “defendant’s counsel did not object at trial” to this constitutional error, an error that was so obvious after the Gregg case that the justices found it to be “plain error” on the part of counsel and the lower court. As stated above, the three justices who joined the single justice concurring -in the result to make a majority simply did not discuss this Eighth Amendment issue at all. They simply remained silent on the issue. Although the majority did discuss ineffective assistance of counsel on several other points, they avoided any discussion of whether trial counsel should have raised this issue that the dissenters viewed as so obvious as to be “plain error.” Under such circumstances, we must presume that the majority of the Ohio court rejected the Eighth Amendment issue 4-3.
In the Ohio Supreme Court’s second opinion delivered in 2003 after a remand, it clearly mentioned the fact that the trial court failed to define the “aggravating circumstances” and itself suggested the possibility of “plain error.” But then instead of deciding the Eighth Amendment question based on plain error, as found by their dissenting colleagues in the earlier opinion, the Ohio Supreme Court again simply did not discuss the question further. It immediately shifted its focus and treated the constitutional problem as. a Sixth Amendment issue of ineffective assistance of counsel. Skipping over the Eighth Amendment issue that the three dissenting justices had decided in favor of Hutton, the Ohio Supreme Court simply concluded without elaboration: “Failure to raise the waived instructional issue was not deficient performance constituting ineffective assistance of counsel.” State v. Hutton, 100 Ohio St.3d 176, 797 N.E.2d 948, 959 (2003).
*508 II. Ineffective Assistance of Counsel
Federal judges should not go out of their way to foreclose and prevent themselves from reaching the merits of a constitutional issue that must be decided in favor of the accused if reached—especially in a death case. That is the case here. No one can claim here that Hutton did receive a fair trial, as the dissenting Ohio justices make clear. If federal judges are going to stretch their minds a bit, it should be in favor of reaching the merits so that they make sure that justice is done. But if Hutton’s Eighth Amendment claim was procedurally defaulted in the state court, I would find, unlike my colleagues, that he suffered ineffective assistance of counsel by both trial and appellate counsel so as to overcome the default. I would also necessarily find that Hutton’s independent claim of ineffective assistance of counsel is meritorious.
Under Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2062, 80 L.Ed.2d 674 (1984), Hutton’s counsel “fell below an objective standard of reasonableness,” and “the deficient performance prejudiced the defense” when trial counsel failed to identify and object to the faulty jury instruction during the penalty phase. It is undisputed that the failure to give the omitted instruction was error and the error was recognized by three of the Ohio Supreme Court justices as plain error. I would find defense counsel’s failure to object in this circumstance, more than ten years after the Supreme Court’s opinion on aggravators in Gregg v. Georgia, to constitute ineffective assistance of counsel. As for appellate counsel, the contention that the Eighth Amendment issue arising from the failure to give the instruction on aggravating circumstances was not equal to or stronger than the issues actually raised by appellate counsel on direct appeal is without merit as confirmed by the issue serving as the sole basis for the dissent by the three Ohio Supreme Court justices. There can be no dispute that Hutton was prejudiced by the ineffectiveness. Hutton has therefore clearly demonstrated cause and prejudice through ineffective assistance of counsel to excuse any default on the Eighth Amendment issue. This may also amount to a due process error but, as described above, the “untrammeled discretion” of the jury during its weighing of aggravators and mitigators allowed the jury to impose the death penalty in violation of the Eighth Amendment.
I would also find along with Judge Donald that a miscarriage of justice would occur if any procedural default were not excused and we failed to reach the merits of Hutton’s Eighth Amendment claim. The Supreme Court has stated that
in all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal ha-beas corpus review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.
Lundgren v. Mitchell, 440 F.3d 754, 768 (6th Cir. 2006) (quoting Coleman v. Thompson, 501 U.S. 722, 749, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Hutton had a constitutional right to have a jury weigh the two statutory aggravators against the mitigators. By omitting the instruction on the proper aggravators to be considered, the trial court allowed the jury unfettered discretion and violated Hutton’s Eighth Amendment right. There is a reasonable likelihood that the result of the penalty phase would have been different had the jury been properly instructed. To allow the *509 death sentence to be carried out when a crucial part of the procedure for chposing between life and death was omitted would be a serious miscarriage of justice.
Now twenty-five years later when Hutton makes the argument on both the Eighth and Sixth Amendment issues, the state, as well as our dissenting colleague, falls back on procedural default and AED-PA to avoid the merits, In my view, the argument of the dissenting justices of the Ohio Supreme Court, and the full court’s rejection of it, should not block a federal court in habeas from reaching and deciding the merits of the issues in this capital case. And when we reach the merits, there is only one answer. The trial was unconstitutional, as the dissenting justices found.
I would issue the writ of habeas corpus for these reasons and give the state an opportunity to retry the sentencing phase of the case. But now 30 years after the crime and the beginning of Hutton’s incarceration, I do not believe it would be constitutional under the Eighth Amendment’s standard of “evolving standards of decency that mark the progress of a maturing society” to impose the death penalty. Trop v. Dulles, 356 U.S. 86, 100-01, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). The reimposition of the death penalty 30 years later is certainly “unusual,” if not unique, and death is different in kind from any other punishment.

. The finding of the here-undefined aggrava-tors must be made by the jurors, not by the court or the prosecutor. The Supreme Court has subsequently held that this jury require *507 ment includes the finding that the found ag-gravators outweigh the mitigators. Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). This entire process did not occur in the trial in this case in 1986—in part because apparently neither defense counsel nor the trial judge understood the basic Eighth Amendment "aggravator” requirement for imposing capital punishment.