WELCH, Judge.
Ronnie Lynn Kirksey was convicted of murder made capital because the victim was less than 14 years old. See § 13A-5-40(a)(15), Ala. Code 1975. During the penalty phase of the trial, the foreperson of the jury submitted to the court a verdict form reflecting that by a unanimous vote the jurors found that the State had proven beyond a reasonable doubt the aggravating circumstance that Kirksey's capital offense was especially heinous, atrocious, or cruel *527 when compared to other capital offenses. See § 13A-5-49(8), Ala. Code 1975. The foreperson of the jury submitted to the court a verdict form reflecting that by a unanimous vote the jurors recommended that Kirksey be sentenced to death. The trial court ordered that a presentence investigation report be furnished to the court.
The trial court sentenced Kirksey to death following its consideration of the evidence presented at the guilt and penalty phases of the trial, the presentence report, the aggravating and mitigating factors, the trial court's determination that the aggravating factor outweighed the mitigating factors, and the jury's advisory verdict. This Court affirmed Kirksey's conviction and sentence in Kirksey v. State, 191 So.3d 810 (Ala. Crim. App. 2014). The Alabama Supreme Court denied certiorari on September 18, 2015. On June 6, 2016, the United States Supreme Court granted Kirksey's petition for a writ of certiorari and held:
"On petition for writ of certiorari to the Court of Criminal Appeals of Alabama. Motion of petitioner for leave to proceed in forma pauperis and petition for writ of certiorari granted. Judgment vacated, and case remanded to the Court of Criminal Appeals of Alabama for further consideration in light of Hurst v. Florida, 577 U.S. ___, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016)."
Kirksey v. Alabama, ___ U.S. ___, 136 S.Ct. 2409, 195 L.Ed.2d 777 (2016).
In Hurst, the United States Supreme Court held that Florida's death-penalty scheme violated the protection in the Sixth Amendment of the United States Constitution of a defendant's right to an impartial jury because Florida's death-penalty statute "required the judge alone to find the existence of an aggravating circumstance." Hurst, 577 U.S. at ___, 136 S.Ct. at 622-24. The United States Supreme Court had previously decided two cases upon which the holding in Hurst was based: Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). Apprendi held that the United States Constitution requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. 2348. Ring, citing Apprendi, held that "[c]apital defendants, no less than noncapital defendants... are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." Ring, 536 U.S. at 589, 122 S.Ct. 2428. Moreover, Ring requires "that the jury unanimously find the existence of an aggravating circumstance in order to make the defendant death-eligible." Duke v. State, 889 So.2d 1, 43 n. 4 (Ala. Crim. App. 2002), vacated on other grounds, Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).
The parties filed briefs on remand addressing the effect of Hurst on Alabama's capital-sentencing scheme. Kirksey argued that in light of Hurst, his death sentence must be vacated because, he says, Alabama's capital-sentencing scheme is, like Florida's, unconstitutional, because, according to Kirksey, the trial judge, contrary to Apprendi and Ring, ultimately made all the required factual findings, including finding that the aggravating circumstance outweighed the mitigating circumstances. He made the following assertions in support of his claim.
1) Hurst and Ring render Kirksey's death sentence unconstitutional because Alabama's death-penalty statute has the same defect found unconstitutional in *528 Hurst: The jury, not the judge, must find each fact necessary to impose a death sentence; thus, a jury's nonbinding advisory recommendation over which a trial judge may consider additional evidence or information and ultimately make all the penalty-phase findings necessary for imposing a death sentence is a Sixth Amendment constitutional violation.
2) The jury's verdict was constitutionally insufficient to support a death sentence because the jury was instructed that its verdict would merely be a recommendation and this was inadequate under Hurst because the trial judge, not the jury, imposed the death sentence in violation of the Eighth Amendment.
3) Contrary to Hurst, the trial judge independently weighed the aggravating and mitigating circumstances, which included review of evidence not presented to the jury, and independently made the statutorily required factual determination that the aggravating circumstances outweighed the mitigating circumstances and, therefore, that a sentence of death was appropriate.
Since the remand from the United States Supreme Court, the Alabama Supreme Court released Ex parte Bohannon, 222 So.3d 525 (Ala. 2016), addressing the effect of Hurst on Alabama's death-penalty statute and holding that Alabama's capital-sentencing scheme is not in violation of Apprendi, Ring, or Hurst.[1] Thus, as discussed more fully below, the decision in Bohannon, is adverse to Kirksey's claims.
1.
Kirksey contends that Hurst and Ring render his death sentence unconstitutional because the jury, not the judge, must find each fact necessary to impose a death sentence; thus, he argues, a jury's nonbinding advisory recommendation over which a trial judge ultimately makes the penalty-phase findings necessary for imposing a death sentence, is a Sixth Amendment Constitutional violation. In Kirksey, as evidenced by verdict forms, the jury did unanimously find beyond a reasonable doubt the existence of one aggravating factor and did unanimously recommend that Kirksey be sentenced to death. The Alabama Supreme Court held in Bohannon:
"Ring and Hurst require only that the jury find the existence of the aggravating *529 factor that makes a defendant eligible for the death penalty - the plain language in those cases requires nothing more and nothing less. Accordingly, because in Alabama a jury, not the judge, determines by a unanimous verdict the critical finding that an aggravating circumstance exists beyond a reasonable doubt to make a defendant death-eligible, Alabama's capital-sentencing scheme does not violate the Sixth Amendment."
Bohannon, 222 So.3d at 532.
The Alabama Supreme Court held in Bohannon that "our reading of Apprendi, Ring, and Hurst leads us to the conclusion that Alabama's capital-sentencing scheme is consistent with the Sixth Amendment." Bohannon, 222 So.3d at 532. Thus, for the reasons set forth in Bohannon, this argument fails.
2.
Kirksey contends that the jury's verdict in his case was constitutionally insufficient to support a death sentence because his jury was instructed that its verdict would be a mere recommendation, i.e., advisory, and it was the trial judge, not the jury, who made the decision to impose a death sentence, in violation of the Eighth Amendment and Hurst.
In Bohannon, the Alabama Supreme Court addressed the same issue.
"Bohannon contends that an instruction to the jury that its sentence is merely advisory conflicts with Hurst because, he says, Hurst establishes that an `advisory recommendation' by the jury is insufficient as the `necessary factual finding that Ring requires.' Hurst, ___ U.S. ___, 136 S.Ct. at 622 (holding that the `advisory' recommendation by the jury in Florida's capital-sentencing scheme was inadequate as the `necessary factual finding that Ring requires'). Bohannon ignores the fact that the finding required by Hurst to be made by the jury, i.e., the existence of the aggravating factor that makes a defendant death-eligible, is indeed made by the jury, not the judge, in Alabama. Nothing in Apprendi, Ring, or Hurst suggests that, once the jury finds the existence of the aggravating circumstance that establishes the range of punishment to include death, the jury cannot make a recommendation for the judge to consider in determining the appropriate sentence or that the judge cannot evaluate the jury's sentencing recommendation to determine the appropriate sentence within the statutory range. Therefore, the making of a sentencing recommendation by the jury and the judge's use of the jury's recommendation to determine the appropriate sentence does not conflict with Hurst."
Bohannon, 222 So.3d 525. Thus, for the reasons set forth in Bohannon, this argument fails.
3.
Kirksey contends that contrary to the holding in Hurst, the judge presiding over his trial independently weighed the aggravating factors and the mitigating factors and made the statutorily required factual determination that the aggravating circumstances outweighed the mitigating circumstances and, therefore, determined that a death sentence was appropriate.
In Bohannon, the Alabama Supreme Court, for the second time, held that the process of weighing the aggravating factors and the mitigating factors does not constitute a factual finding.
"Hurst does not address the process of weighing the aggravating and mitigating circumstances or suggest that the jury must conduct the weighing process to satisfy the Sixth Amendment. This Court rejected that argument in Ex *530 parte Waldrop, [859 So.2d 1181 (Ala. 2002),] holding that the Sixth Amendment `do[es] not require that a jury weigh the aggravating circumstances and the mitigating circumstances' because, rather than being `a factual determination,' the weighing process is `a moral or legal judgment that takes into account a theoretically limitless set of facts.' 859 So.2d at 1190, 1189. Hurst focuses on the jury's factual finding of the existence of an aggravating circumstance to make a defendant death-eligible; it does not mention the jury's weighing of the aggravating and mitigating circumstances. The United States Supreme Court's holding in Hurst was based on an application, not an expansion, of Apprendi and Ring; consequently, no reason exists to disturb our decision in Ex parte Waldrop with regard to the weighing process. Furthermore, nothing in our review of Apprendi, Ring, and Hurst leads us to conclude that in Hurst the United States Supreme Court held that the Sixth Amendment requires that a jury impose a capital sentence. Apprendi expressly stated that trial courts may `exercise discretion - taking into consideration various factors relating both to offense and offender - in imposing a judgment within the range prescribed by statute.' 530 U.S. at 481, 120 S.Ct. 2348. Hurst does not disturb this holding."
Bohannon, 222 So.3d at 532-33.
Thus, for the reasons set forth in Bohannon, this argument fails.
Conclusion
Based on the forgoing, Alabama's capital-sentencing does not violate the Constitution and does not run afoul of Apprendi, Ring, or Hurst.
Therefore, for the foregoing reasons, as well as the reasons stated by this Court in Kirksey v. State, 191 So.3d 810 (Ala. Crim. App. 2014), the judgment of the trial court is affirmed.
AFFIRMED.
Windom, P.J., and Burke and Joiner, JJ., concur. Kellum, J., not sitting.

Prior to the Alabama Supreme Court's decision in Bohannon , this Court, in State v. Billups , (Ala. Crim. App. 2016), issued an opinion addressing petitions for a writs of mandamus filed by the State of Alabama asking this Court to direct a circuit court to "vacate its order declaring Alabama's `capital-sentencing scheme' unconstitutional." State v. Billups , 223 So.3d at 957. This Court held that Alabama's capital-sentencing statute is not unconstitutional because Alabama's scheme requires a jury to "unanimously find[] the fact or facts that expose a defendant to imposition of the death penalty." State v. Billups , 223 So.3d at 965. This Court noted that the Hurst decision did not hold
"that judicial sentencing in capital cases is unconstitutional or that it is unconstitutional to allow a trial court, in determining the appropriate sentence in a capital case, to consider evidence that was not presented to the jury. "... Rather, the [ Hurst ] Court held that Florida's capital-sentencing scheme was unconstitutional to the extent that it specifically conditioned a capital defendant's eligibility for the death penalty on findings made by the trial court and not on findings made by the jury, which contravened the holding in Ring [v. Arizona , , 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)]. The Court emphasized several times in its opinion that Florida's capital-sentencing statutes did not make a capital defendant eligible for the death penalty until the trial court made certain findings."
State v. Billups , 223 So.3d at 962.