PERRY, Senior Justice,
concurring in part and dissenting in part.
I agree with the majority’s conclusion that King is not entitled to postconviction relief for most of his claims. However, because I cannot agree with the majority’s conclusion that there is no reasonable possibility that the Hurst v. Florida, — U.S. — , 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), error that occurred in this case did not affect King’s sentence, I respectfully dissent. In Hurst v. State (Hurst), 202 So.3d 40, 69 (Fla. 2016), we declined to speculate why the jurors voted the way they did; yet, because the jury vote here was unanimous, the majority is comfortable substituting its weighing of the evidence to determine which aggravators each of the jurors found. Even though the jury unanimously recommended the death penalty, whether the jury unanimously found each aggravating factor remains unknown.
In Hurst, we held that for a defendant to be eligible for the death sentence, a jury must unanimously find the existence of each aggravating factor, that the aggravating factors are sufficient, and that the aggravating factors outweigh the mitigating circumstances. Hurst, 202 So.3d at 44. Additionally, we held that the jury’s death sentence recommendation must be unanimous. Id. While I agreed in Hurst that Hurst v. Florida errors are subject to harmless error review, see Hurst, 202 So.3d at 67-69, I believe that the majority’s conclusion that the error was harmless beyond a reasonable doubt in this case is mistaken.
In this case, the State presented and the trial judge found the existence of four aggravating circumstances: that the murder was heinous atrocious or cruel (HAC); that the murder was cold, calculated and premeditated (CCP); that the murder was committed to avoid arrest; and that King committed the murder during the course of a sexual battery or kidnapping. Of these aggravators, only one can be said to be clearly established by the evidence—a unanimous jury found that King was guilty of sexual battery and kidnapping. The remaining aggravators each required factual findings that under Hurst must now be considered and weighed by a jury. The majority concludes that the error is harmless because no reasonable jury would have failed to find, from the aggravating factors given, that the evidence of HAC, CCP, and avoid arrest “was overwhelming and essentially uncontroverted.” Majority op. at 892. The majority’s conclusion is belied by the question the jury posed to *894 the trial judge during deliberations, asking whether a juror could recommend death “without agreeing to all four of the aggravating circumstances beyond a reasonable doubt.” From this question, I infer that at least one juror did not find all four aggravating circumstances, and therefore, I cannot conclude that a unanimous jury made the necessary findings to impose the death sentence in this case. As we stated in Hurst, without an interrogatory verdict, we cannot determine which aggravators the jury unanimously found beyond a reasonable doubt. See Hurst, 202 So.3d at 68.
The majority’s reweighing of the evidence to support its conclusion is not an appropriate harmless error review. The harmless error review is not a sufficiency of the evidence test, and the majority’s analysis should instead focus on the effect of the error on the trier of fact. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). By ignoring the record and concluding that all aggravators were unanimously found by the jury, the majority is engaging in the exact type of conduct that the United States Supreme Court cautioned against in Hurst v. Florida. See Hurst v. Florida, 136 S.Ct. at 622 (“The State cannot now treat the advisory recommendation by the jury as the necessary factual finding that Ring [v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002),] requires”).
Because the harmless error review is neither a sufficiency of the evidence review “nor a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence,” see State v. DiGuilio, 491 So.2d 1129, 1138 (Fla. 1986), I conclude that the error here was harmful.
QUINCE, J., concurs.