PERRY, Senior Justice,
dissenting.
I cannot agree with the majority’s finding that the Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), error was harmless beyond a reasonable doubt simply because the jury recommendation for death was unanimous and the sentencing judge found weighty aggravating circumstances. See majority op. at 12. To the extent that I would not find the error harmless, I dissent.
In Hurst v. State, 202 So.3d 40, 69 (Fla. 2016), we declined to speculate why the jurors voted the way they did; yet, because here the jury vote was unanimous, the majority is comfortable substituting its weighing of the evidence to determine which aggravators each of the jurors found. Even though the jury unanimously recommended the death penalty, whether the jury unanimously found either aggravating factors remains unknown.
In Hurst, we held that for a defendant to be eligible for a death sentence, a jury must unanimously find the existence of each aggravating factor, that the aggravating factors are sufficient, and that the aggravating factors outweigh the mitigating circumstances. Id. at 53. Additionally, we held that the jury’.s death sentence recommendation must be unanimous. Id. While I agreed in Hurst that Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), errors are subject to harmless error review, see Hurst, 202 So.3d at 40, I believe the majority’s conclusion that the error was harmless beyond a reasonable doubt in this case is mistaken.
The jury was presented with evidence to support and instructed on two aggravating circumstances: (1) that Kaczmar was previously convicted of robbery, a violent felony; and (2) that the capital felony was especially heinous, atrocious, or cruel (HAC). The prior violent felony was established by a stipulation between Kaczmar *18 and the State, while the primary evidence supporting the HAC aggravator.was the number and nature of the multiple stab, wounds found in the victim’s body. The HAC aggravating circumstance required factual findings that under Hurst must now be considered and weighed by a jury. The majority concludes that the error is harmless because no reasonable jury would haye failed to find the aggravating factors given the evidence.. However, we simply cannot assume that every juror found HAC beyond a reasonable doubt, much less that every juror agreed that either HAC or prior violent felony alone, or both aggravating factors together, were sufficient to impose a death sentence. This is 'especially true here, where the State introduced no evidence concerning the details of Kaczmar’s prior conviction for robbery.
The majority’s reweighing of the evidence to support its conclusion is not an appropriate harmless error review. The harmless error review is not a sufficiency of the evidence test, and the majority’s analysis should instead focus on the effect of the error-on the trier of fact. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). By concluding that both aggravators were unanimously found by the jury, the majority is engaging in the exact type of conduct the United States Supreme Court cautioned against in Hurst v. Florida. See Hurst v. Florida, 136 S.Ct. at 622.
Because the harmless error review is neither a sufficiency of the evidence review "nor a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence,” see State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986), I cannot conclude beyond a reasonable doubt that the error.here was harmless.