PERRY, Senior Justice,
concurring in part and dissenting in part.
While I concur in most respects with the majority’s decision, I cannot agree with the majority’s analysis that the Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), error was harmless beyond a reasonable doubt. To the extent that I would not find the error harmless beyond a reasonable doubt, I dissent. I likewise dissent from the majority’s determination that section 775.082(2), Florida Statutes, is inapplicable to this case: I would follow the Legislature’s command to impose a sentence of life imprisonment.
In Hurst v. State, 202 So.3d 40, 69 (Fla. 2016), we declined to speculate why the jurors voted the way they did; yet, here, the majority “conclude[s] beyond a reasonable doubt that a rational jury would have unanimously found that there were sufficient aggravators to outweigh the mitigating factors.” Majority op. at 682 (quoting Davis v. State, 207 So.3d 142, 174, 41 Fla. L. Weekly S528, S539, 2016 WL 6649941 (Fla. Nov. 18, 2016). Even though the jury unanimously recommended the death penalty, whether the jury unanimously found each aggravating factor remains unknown.
The majority’s reweighing of the evidence—particularly the gruesome facts of the victims’ deaths—to support its conclusion is not an appropriate harmless error review. The harmless error review is not a sufficiency of the evidence test, and the majority’s analysis should instead focus on the effect of the error on the trier of fact. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). By ignoring the record and concluding that all aggravators were unan *685 imously found by the jury, the majority is engaging in the exact type of conduct the United States Supreme Court cautioned against. See Hurst v. Florida, 136 S.Ct. at 622.
Because the harmless error review is neither a sufficiency of the evidence review nor “a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence,” DiGuilio, 491 So.2d at 1139, I cannot conclude beyond a reasonable doubt that the error here was harmless, and I would vacate Knight’s unconstitutional death sentence. Rather than remand for resentencing, however, I would apply the remedy that the Legislature explicitly provided: a sentence of life imprisonment. See § 775.082(2), Fla. Stat. (2016).
As I have previously explained, the Legislature has decided that the appropriate remedy “[i]n the event the death penalty in a capital felony is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court” is for “the court having jurisdiction over a person previously sentenced to death for a capital felony shall cause such person to be brought before the court, and the court shall sentence such person to life imprisonment.” § 775.082(2), Fla. Stat.; see also Hurst v. State, 202 So.3d at 75-76 (Perry, J., concurring in part and dissenting in part). The death penalty in Knight’s capital felony has been held unconstitutional by this Court. See majority op. at 681-82. Accordingly, Knight is entitled to the clear and unambiguous statutory remedy that the Legislature has specified: a sentence of life imprisonment.
The majority disagrees. See majority op. at 682 (citing Hurst v. State, 202 So.3d at 63-66). But the plain language of the statute does not rely on a specific amendment to the United States Constitution, nor does it refer to a specific decision by this Court or the United States Supreme Court. Further, it does not contemplate that all forms of the death penalty in all cases must be found unconstitutional. Instead, the statute uses singular articles to describe the circumstances by which the statute is to be triggered. Indeed, the statute repeatedly references a singular defendant being brought before a court for sentencing to life imprisonment. I consequently cannot agree that the statute was intended as a fail-safe mechanism for when this Court or the United States Supreme Court declared that the death penalty was categorically unconstitutional. Cf. Hurst v. State, 202 So.3d at 66.
Knight’s death sentence is unconstitutional. That constitutional violation is not harmless beyond a reasonable doubt. The remedy for that violation is a sentence of life imprisonment.. To the extent that the majority finds harmless error and declines to order a sentence of life imprisonment, I respectfully dissent.