QUINCE, J.,
concurring in part and dissenting in part.
I concur with the majority decision to affirm Jones’s conviction but I disagree with the majority’s conclusions that “there was no error under Hurst with regard to the sufficiency of the aggravation, its weight relative to the mitigation, or the death recommendation,” and “that this is one of the rare cases in which the Hurst error was harmless beyond a reasonable doubt.” Maj. op, at 343-44. Because I would find that the Hurst error in this case was not harmless beyond a reasonable doubt, I would remand for resentenc-ing consistent with our decision in Hurst v. State, 202 So.3d 40 (Fla. 2016).
In Hurst, we held that for a defendant to be eligible for the death sentence, a jury must unanimously find the existence of each aggravating factor, that the aggravating factors are sufficient, and that the aggravating factors outweigh the mitigating circumstances. Hurst, 202 So.3d at 44. Additionally, we held that the jury’s death sentence recommendation must be unanimous. Id. While I agreed in Hurst that Hurst v. Florida errors are subject to harmless error review, see id. at 68, I do not believe that we can ever find Hurst error harmless when there are aggravating circumstances that require a factual determination based on evidence presented to the jury. Because Hurst requires that “requires a jury, not a judge, to find each fact necessary to impose a sentence of death,” Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 619, 193 L.Ed.2d 504 (2016), the error cannot be harmless where such a factual determination was not made.
The three aggravating circumstances in this case were: (1) prior violent felony, (2) HAC, and (3) CCP. The prior violent felony, which was predicated on Jones’s conviction for the double murder of Mr. and Mrs. James, is the only aggravator for which we can say, beyond a reasonable doubt, a jury unanimously found applied to this case. The remaining aggravators each required factual findings that, under Hurst, must now be considered and weighed by a jury. As we stated in Hurst, without an interrogatory verdict, we cannot determine which aggravators the jury unanimously found beyond a reasonable doubt. See Hurst, 202 So.3d at 67.
In Hurst, we declined to speculate why the jurors voted the way they did, yet because here the jury vote was unanimous, the majority is comfortable being “convinced beyond a reasonable doubt that no rational jury would have failed to unanimously find that all three aggrava *348 ting circumstances were proven beyond a reasonable doubt.” Maj. op. at 344. The majority’s reweighing of the evidence to support its conclusion is not an appropriate harmless error review. The harmless error review is not a sufficiency of the evidence test, and the majority’s analysis should instead focus on the effect of the error in the trier of fact. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). By ignoring the record and concluding that all ag-gravators were unanimously found by the jury, the majority is engaging in the exact type of conduct the United States Supreme Court cautioned against in Hurst v. Florida. See Hurst v. Florida, 136 S.Ct. at 622 (“The State cannot now treat the advisory recommendation by the jury as the necessary factual finding required by Ring”). Even though the jury unanimously recommended the death penalty, whether the jury unanimously found each aggravating factor remains unknown.
Because the harmless error review is not a sufficiency of the evidence review nor “a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence,” see DiGuilio, 491 So.2d at 1138, I conclude that the Hurst error here was harmful.