Warner, J.,
concurring specially.
I concur in the majority opinion, because the Florida Supreme Court has not overruled. its prior precedent that aggravating factors do not have to be alleged in the indictment.
The trial court reasoned that Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and Hurst v. State, 202 So.3d 40 (Fla. 2016), recognized that “aggravating factors,” which must be proven at sentencing in order to impose a death sentence, are “elements” of a “capital murder” offense. See Hurst, 202 So.3d at 53-54 (“CJ]ust as elements of a crime must be found unanimously by a Florida jury, all these findings necessary for the jury to essentially convict a defendant of capital murder—thus allowing imposition of the death penalty—are also elements that must be found unanimously by the jury.”). Therefore, the court concluded that, like other elements, these facts must be charged in the grand jury’s indictment.
Although Hurst’s reference to aggravating factors as elements may call into question the court’s prior rationale for its position that aggravating circumstances do not need to be pled in an indictment, the Florida Supreme Court has said that it does not silently overrule itself. Puryear v. State, 810 So.2d 901, 905-06 (Fla. 2002). Absent a clear statement from the Florida Supreme Court receding from its prior holdings, its precedent must be followed.