CANADY, J.,
concurring in part and dissenting in part.
I concur with the majority that Williams is not entitled to relief from, his conviction on his constitutional challenges to section 27.7081, Florida Statutes (2008), and Florida Rule of Criminal Procedure 3.852, his claim of ineffective assistance of counsel at his first trial in 1996, his claim of a conflict *774 of interest with Dr. Brannon, or his intellectual disability claim. But I dissent from the decision to vacate Williams’s death sentence and remand for a new penalty phase. I would also reject Williams’s claim of ineffective assistance of counsel at the penalty phase of his 2004 retrial. Therefore, I would affirm the denial of postcon-viction relief.
First, I would conclude that there was no error under Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). I adhere to my view that Hurst v. Florida only requires that the jury find the existence of an aggravating circumstance that renders a defendant eligible for a death sentence. See Hurst v. State, 202 So.3d 40, 77 (Fla. 2016) (Canady, J., dissenting) (noting “the Hurst v. Florida Court’s repeated identification of Florida’s failure- to require a jury finding of an aggravator as the flaw that renders Florida’s death penalty law unconstitutional”), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246, 2017 WL 635999 (2017); see also Hurst v. Florida, 136 S.Ct. at 624 (“Florida’s sentencing scheme, which required the judge alone to find the existence of an aggravating circumstance, is therefore unconstitutional.”). But here, because Williams had twice previously been convicted of violent felonies (the second-degree murder of Gaynel Jeffrey in 1984 and an indecent assault upon a nine-year-old girl in 1982), it was not even necessary for the jury to make a unanimous finding regarding the existence of an aggravating circumstance. This Court has recently reaffirmed that it will follow the Supreme Court’s precedent creating “one narrow exception to the Sixth Amendment requirement that a jury must find any fact that increases the maximum sentence: the fact of a prior conviction, as established in Almendarez-Torres [v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) ].” Jackson v. State, 213 So.3d 754, 787 (Fla. 2017) (citing Ring v. Arizona, 536 U.S. 584, 597 n.4, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); Apprendi v. New Jersey, 530 U.S. 466, 489-90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Thus, I would conclude that no Hurst v. Florida error occurred.
Second, I adhere to my view that Hurst v. Florida should not be given retroactive application. See Mosley v. State, 209 So.3d 1248, 1285-91 (Fla. 2016) (Canady, J., concurring in part and dissenting in part). Even if Hurst v. Florida error were present in this case, I would deny Williams relief.
Finally, I would conclude that the post-conviction court did not err in denying Williams’s claim that he received ineffective assistance of counsel during the penalty phase of his retrial.
For these reasons, I would affirm the denial of postconviction relief.
POLSTON, J., concurs.