PARIENTE, J.,
concurring.
I concur in the majority’s holding to affirm Sexton’s conviction and reverse his sentence of death and remand for a new penalty phase in light of Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, No. 16-998, — U.S. —, 137 S.Ct. 2161, 198 L.Ed.2d 246, 2017 WL 635999 (U.S. May 22, 2017). I write separately to expand on the Hurst analysis, specifically reviewing the mitigation presented at trial.
Following the penalty phase in Sexton’s trial, the jury recommended a sentence of death by a vote of 10-2. Majority op. at 563. At trial, although the State presented evidence of three aggravating factors, which the trial court found and afforded great weight, this Court has no way of knowing which aggravators the jury unanimously determined were proven beyond a reasonable doubt and whether the jury unanimously found the aggravators sufficient to warrant the imposition of the death penalty.[2] See Hurst, 202 So.3d at 44.
On the other hand, the defense presented evidence as to three statutory mitigating circumstances. First, the defense presented Sexton’s criminal history, which consisted of “several misdemeanors and at least one felony non-violent crime” to establish that defendant has no significant history of prior criminal activity. The trial court assigned this statutory mitigating circumstance moderate weight.
Second, the defense presented evidence to support the mitigating circumstance that the murder was committed while the defendant was under the influence of extreme mental or emotional disturbance, which the trial court assigned little weight. This evidence included the fact that Sexton had been diagnosed with anti-social personality traits in 1993. In 2009, he was diagnosed with Major Depressive Disorder. Dr. McClain testified at trial that Sexton suffers from bipolar disorder and alcohol dependency; the trial court found Dr. McClain’s testimony credible. Although the trial court rejected Dr. McClain’s opinion that Sexton was suffering from a “manic” episode at the time of the murder, the trial court agreed that the “defendant suffers from a mental disease or defect.”
Third, the defense presented the testimony of Dr. McClain and Dr. Maher to support the mitigating circumstance that defendant’s capacity to appreciate the criminality of his conduct, or to conform his conduct to the requirements of the law, was substantially impaired. The trial court found that this statutory mitigating circumstance was established but assigned it little weight. The defense also presented evidence as to nonstatutory mitigating circumstances regarding the defendant’s conduct during trial and incarceration and his amenability to rehabilitation, which the trial court assigned little weight.
The bottom line is that this Court has no way of knowing whether the jury unanimously found that the aggravation outweighed the mitigation, especially in light of the statutory mitigation presented that consisted of no significant history of prior criminal activity and mental impairments. As we reiterated in Hurst, the focus of the harmless error test “is on the effect of the *561 error on the trier-of-fact.” 202 So.3d at 68 (quoting State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986)). Thus, in light of the jury’s 10-2 vote to recommend a sentence of death in Sexton’s case, this Court has no way of knowing if the jury unanimously found each aggravating factor, whether the aggravating factors were sufficient to impose death, or whether the aggravating factors outweighed the mitigating circumstances. See id. at 44. Further, this Court cannot speculate why the two jurors who voted to recommend a sentence of life imprisonment determined that a sentence of death was not the appropriate punishment. Thus, I agree with the majority’s conclusion that the Hurst error in Sexton’s case was not harmless beyond a reasonable doubt.

. Although the majority does not address this claim, Sexton challenges the trial court’s finding of the HAC aggravating factor in this appeal.