CANADY, J.,
concurring in part and dissenting in part.
I concur in the decision to affirm Sexton’s conviction, but because I conclude that any error under Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), was harmless, I dissent from the decision to vacate his death sentence.
I adhere to my view that Hurst v. Florida only requires that the jury find the existence of an aggravating circumstance that renders a defendant eligible for a death sentence. See Hurst v. State, 202 So.3d 40, 77 (Fla. 2016) (Canady, J., dissenting) (noting “the Hurst v. Florida Court’s repeated identification of Florida’s failure to require a jury finding of an aggravator as the flaw that renders Florida’s death penalty law unconstitutional”), cert. denied, No. 16-998, — U.S. —, 137 S.Ct. 2161, 198 L.Ed.2d 246, 2017 WL 635999 (U.S. May 22, 2017); see also Hurst v. Florida, 136 S.Ct. at 624 (“Florida’s sentencing scheme, which required the judge alone to find the existence of an aggravating circumstance, is therefore unconstitutional.”).
Sexton’s jury was instructed on three aggravating circumstances: (1) the victim of the capital felony was particularly vulnerable due to advanced age or disability; (2) the capital felony was committed while Sexton was engaged in the commission of a sexual battery; and (3) the capital felony was especially heinous, atrocious, or cruel (HAC). Although the trial court concluded that all three aggravating circumstances were proven beyond a reasonable doubt, the jury made no specific findings regarding the aggravating circumstances. Where the jury has not been instructed to find an element of the offense, the test for harmless error asks whether it is clear beyond a reasonable doubt that a rational jury would have found the element of the offense. Neder v. United States, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).
As to the particularly vulnerable due to advanced age or disability aggravator, the evidence established that Parlato was ninety-four years old and used a cane. There was unrebutted testimony from Dr. Thog-martin that she had previously undergone surgery to repair a fractured hip and she was weak. Because of her advanced age, her bones fractured easily.
As to the sexual battery aggravator, Dr. Thogmartin testified that the five vaginal lacerations—one of which was internal and six centimeters long, and two of which were external and “standing very wide open”—were traumatic injuries caused by insertion of an object into the vagina, were consistent with a forcible sexual battery, were inflicted while Parlato was alive, and would have caused horrible pain if she was *562 conscious. Thus, there is no doubt that Parlato was subject to a sexual battery and that the act was nonconsensual either because she was unconscious or in horrible pain.
Finally, as to the HAC aggravator, the evidence established that Parlato was violently beaten about the head and neck. So many bones in heir face were fractured that it felt “crunchy” to Dr. Thogmartin. In addition to the vaginal' tears and facial trauma, Parlato suffered multiple lacerations, rib fractures,' a dislocated spine, and her brain'was bleeding and bruised. "Although Dr. Thogmartin testified that Par-lato would have been rendered unconscious at some point during the attack, the evidence proves that she was not immediately rendered unconscious. The blood evidence established that Parlato was violently struck at least three times near her front door before she moved into the living room and that she was still upright when at least one of the many additional blows was inflicted in the living room. She also had a defensive wound to a finger.
Based on the evidence presented in, this case, it is clear beyond a reasonable doubt that no rational jury would haye failed to find that, the three aggravators were proven beyond a reasonable doubt. Thus, any error in failing to require a unanimous jury finding regarding the existence of an aggravating circumstance as required by Hurst v. Florida was harmless.
POLSTON, J„ concurs,