Justice SOTOMAYOR delivered the opinion of the Court.
A Florida jury convicted Timothy Lee Hurst of murdering his co-worker, Cynthia Harrison. A penalty-phase jury recommended that Hurst's judge impose a death sentence. Notwithstanding this recommendation, Florida law required the judge to hold a separate hearing and determine whether sufficient aggravating circumstances existed to justify imposing the death penalty. The judge so found and sentenced Hurst to death.
We hold this sentencing scheme unconstitutional. The Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death. A jury's mere recommendation is not enough.
I
On May 2, 1998, Cynthia Harrison's body was discovered in the freezer of the restaurant where she worked-bound, gagged, and stabbed over 60 times. The restaurant safe was unlocked and open, missing hundreds of dollars. The State of Florida charged Harrison's co-worker, Timothy Lee Hurst, with her murder. See 819 So.2d 689, 692-694 (Fla.2002).
During Hurst's 4-day trial, the State offered substantial forensic evidence linking Hurst to the murder. Witnesses also testified that Hurst announced in advance that he planned to rob the restaurant; that Hurst and Harrison were the only people scheduled to work when Harrison was killed; and that Hurst disposed of blood-stained evidence and used stolen money to purchase shoes and rings.
Hurst responded with an alibi defense. He claimed he never made it to work because his car broke down. Hurst told police that he called the restaurant to let Harrison know he would be late. He said she sounded scared and he could hear another person-presumably the real murderer-whispering in the background.
At the close of Hurst's defense, the judge instructed the jury that it could find Hurst guilty of first-degree murder under two theories: premeditated murder or felony murder for an unlawful killing during a robbery. The jury convicted Hurst of *620 first-degree murder but did not specify which theory it believed.
First-degree murder is a capital felony in Florida. See Fla. Stat. § 782.04(1)(a) (2010). Under state law, the maximum sentence a capital felon may receive on the basis of the conviction alone is life imprisonment. § 775.082(1). "A person who has been convicted of a capital felony shall be punished by death" only if an additional sentencing proceeding "results in findings by the court that such person shall be punished by death." Ibid. "[O]therwise such person shall be punished by life imprisonment and shall be ineligible for parole." Ibid.
The additional sentencing proceeding Florida employs is a "hybrid" proceeding "in which [a] jury renders an advisory verdict but the judge makes the ultimate sentencing determinations." Ring v. Arizona, 536 U.S. 584, 608, n. 6, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). First, the sentencing judge conducts an evidentiary hearing before a jury. Fla. Stat. § 921.141(1) (2010). Next, the jury renders an "advisory sentence" of life or death without specifying the factual basis of its recommendation. § 921.141(2). "Notwithstanding the recommendation of a majority of the jury, the court, after weighing the aggravating and mitigating circumstances, shall enter a sentence of life imprisonment or death." § 921.141(3). If the court imposes death, it must "set forth in writing its findings upon which the sentence of death is based." Ibid. Although the judge must give the jury recommendation "great weight," Tedder v. State, 322 So.2d 908, 910 (Fla.1975) (per curiam ), the sentencing order must "reflect the trial judge's independent judgment about the existence of aggravating and mitigating factors," Blackwelder v. State, 851 So.2d 650, 653 (Fla.2003) (per curiam ).
Following this procedure, Hurst's jury recommended a death sentence. The judge independently agreed. See 819 So.2d, at 694-695. On postconviction review, however, the Florida Supreme Court vacated Hurst's sentence for reasons not relevant to this case. See 18 So.3d 975 (2009).
At resentencing in 2012, the sentencing judge conducted a new hearing during which Hurst offered mitigating evidence that he was not a "major participant" in the murder because he was at home when it happened. App. 505-507. The sentencing judge instructed the advisory jury that it could recommend a death sentence if it found at least one aggravating circumstance beyond a reasonable doubt: that the murder was especially "heinous, atrocious, or cruel" or that it occurred while Hurst was committing a robbery. Id ., at 211-212. The jury recommended death by a vote of 7 to 5.
The sentencing judge then sentenced Hurst to death. In her written order, the judge based the sentence in part on her independent determination that both the heinous-murder and robbery aggravators existed. Id ., at 261-263. She assigned "great weight" to her findings as well as to the jury's recommendation of death. Id ., at 271.
The Florida Supreme Court affirmed 4 to 3. 147 So.3d 435 (2014). As relevant here, the court rejected Hurst's argument that his sentence violated the Sixth Amendment in light of Ring, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556. Ring, the court recognized, "held that capital defendants are entitled to a jury determination of any fact on which the legislature conditions an increase in the maximum punishment." 147 So.3d, at 445. But the court considered Ring inapplicable in light of this Court's repeated support of Florida's capital sentencing scheme in pre-Ring *621 cases. 147 So.3d, at 446-447 (citing Hildwin v. Florida, 490 U.S. 638, 109 S.Ct. 2055, 104 L.Ed.2d 728 (1989) (per curiam )); see also Spaziano v. Florida, 468 U.S. 447, 457-465, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). Specifically, in Hildwin, this Court held that the Sixth Amendment "does not require that the specific findings authorizing the imposition of the sentence of death be made by the jury." 490 U.S., at 640-641, 109 S.Ct. 2055. The Florida court noted that we have "never expressly overruled Hildwin, and did not do so in Ring ." 147 So.3d, at 446-447.
Justice Pariente, joined by two colleagues, dissented from this portion of the court's opinion. She reiterated her view that "Ring requires any fact that qualifies a capital defendant for a sentence of death to be found by a jury." Id., at 450 (opinion concurring in part and dissenting in part).
We granted certiorari to resolve whether Florida's capital sentencing scheme violates the Sixth Amendment in light of Ring . 575 U.S. ----, 135 S.Ct. 1531, 191 L.Ed.2d 558 (2015). We hold that it does, and reverse.
II
The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to a jury beyond a reasonable doubt. Alleyne v. United States, 570 U.S. ----, ----, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013). In Apprendi v. New Jersey, 530 U.S. 466, 494, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), this Court held that any fact that "expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict" is an "element" that must be submitted to a jury. In the years since Apprendi, we have applied its rule to instances involving plea bargains, Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), sentencing guidelines, United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), criminal fines, Southern Union Co. v. United States, 567 U.S. ----, 132 S.Ct. 2344, 183 L.Ed.2d 318 (2012), mandatory minimums, Alleyne, 570 U.S., at ----, 133 S.Ct., at 2166 and, in Ring, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556, capital punishment.
In Ring, we concluded that Arizona's capital sentencing scheme violated Apprendi 's rule because the State allowed a judge to find the facts necessary to sentence a defendant to death. An Arizona jury had convicted Timothy Ring of felony murder. 536 U.S., at 591, 122 S.Ct. 2428. Under state law, "Ring could not be sentenced to death, the statutory maximum penalty for first-degree murder, unless further findings were made." Id., at 592, 122 S.Ct. 2428. Specifically, a judge could sentence Ring to death only after independently finding at least one aggravating circumstance. Id., at 592-593, 122 S.Ct. 2428. Ring's judge followed this procedure, found an aggravating circumstance, and sentenced Ring to death.
The Court had little difficulty concluding that " 'the required finding of an aggravated circumstance exposed Ring to a greater punishment than that authorized by the jury's guilty verdict.' " Id., at 604, 122 S.Ct. 2428 (quoting Apprendi, 530 U.S., at 494, 120 S.Ct. 2348 ; alterations omitted). Had Ring's judge not engaged in any factfinding, Ring would have received a life sentence. Ring, 536 U.S., at 597, 122 S.Ct. 2428. Ring's death sentence therefore violated his right to have a jury find the facts behind his punishment.
The analysis the Ring Court applied to Arizona's sentencing scheme applies *622 equally to Florida's. Like Arizona at the time of Ring, Florida does not require the jury to make the critical findings necessary to impose the death penalty. Rather, Florida requires a judge to find these facts. Fla. Stat. § 921.141(3). Although Florida incorporates an advisory jury verdict that Arizona lacked, we have previously made clear that this distinction is immaterial: "It is true that in Florida the jury recommends a sentence, but it does not make specific factual findings with regard to the existence of mitigating or aggravating circumstances and its recommendation is not binding on the trial judge. A Florida trial court no more has the assistance of a jury's findings of fact with respect to sentencing issues than does a trial judge in Arizona." Walton v. Arizona, 497 U.S. 639, 648, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990) ; accord, State v. Steele, 921 So.2d 538, 546 (Fla.2005) ("[T]he trial court alone must make detailed findings about the existence and weight of aggravating circumstances; it has no jury findings on which to rely").
As with Timothy Ring, the maximum punishment Timothy Hurst could have received without any judge-made findings was life in prison without parole. As with Ring, a judge increased Hurst's authorized punishment based on her own factfinding. In light of Ring, we hold that Hurst's sentence violates the Sixth Amendment.
III
Without contesting Ring 's holding, Florida offers a bevy of arguments for why Hurst's sentence is constitutional. None holds water.
A
Florida concedes that Ring required a jury to find every fact necessary to render Hurst eligible for the death penalty. But Florida argues that when Hurst's sentencing jury recommended a death sentence, it "necessarily included a finding of an aggravating circumstance." Brief for Respondent 44. The State contends that this finding qualified Hurst for the death penalty under Florida law, thus satisfying Ring . "[T]he additional requirement that a judge also find an aggravator," Florida concludes, "only provides the defendant additional protection." Brief for Respondent 22.
The State fails to appreciate the central and singular role the judge plays under Florida law. As described above and by the Florida Supreme Court, the Florida sentencing statute does not make a defendant eligible for death until "findings by the court that such person shall be punished by death." Fla. Stat. § 775.082(1) (emphasis added). The trial court alone must find "the facts ... [t]hat sufficient aggravating circumstances exist" and "[t]hat there are insufficient mitigating circumstances to outweigh the aggravating circumstances." § 921.141(3) ; see Steele, 921 So.2d, at 546. "[T]he jury's function under the Florida death penalty statute is advisory only." Spaziano v. State, 433 So.2d 508, 512 (Fla.1983). The State cannot now treat the advisory recommendation by the jury as the necessary factual finding that Ring requires.
B
Florida launches its second salvo at Hurst himself, arguing that he admitted in various contexts that an aggravating circumstance existed. Even if Ring normally requires a jury to hear all facts necessary to sentence a defendant to death, Florida argues, "Ring does not require jury findings on facts defendants have admitted." Brief for Respondent 41. Florida cites our decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in which we stated that under Apprendi, *623 a judge may impose any sentence authorized "on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S., at 303, 124 S.Ct. 2531 (emphasis deleted). In light of Blakely, Florida points to various instances in which Hurst's counsel allegedly admitted the existence of a robbery. Florida contends that these "admissions" made Hurst eligible for the death penalty. Brief for Respondent 42-44.
Blakely, however, was a decision applying Apprendi to facts admitted in a guilty plea, in which the defendant necessarily waived his right to a jury trial. See 542 U.S., at 310-312, 124 S.Ct. 2531. Florida has not explained how Hurst's alleged admissions accomplished a similar waiver. Florida's argument is also meritless on its own terms. Hurst never admitted to either aggravating circumstance alleged by the State. At most, his counsel simply refrained from challenging the aggravating circumstances in parts of his appellate briefs. See, e.g., Initial Brief for Appellant in No. SC12-1947 (Fla.), p. 24 ("not challeng[ing] the trial court's findings" but arguing that death was nevertheless a disproportionate punishment).
C
The State next argues that stare decisis compels us to uphold Florida's capital sentencing scheme. As the Florida Supreme Court observed, this Court "repeatedly has reviewed and upheld Florida's capital sentencing statute over the past quarter of a century." Bottoson v. Moore, 833 So.2d 693, 695 (2002) (per curiam ) (citing Hildwin, 490 U.S. 638, 109 S.Ct. 2055, 104 L.Ed.2d 728 ; Spaziano, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 ). "In a comparable situation," the Florida court reasoned, "the United States Supreme Court held:
'If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [other courts] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.' " Bottoson, 833 So.2d, at 695 (quoting Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) ); see also 147 So.3d, at 446-447 (case below).
We now expressly overrule Spaziano and Hildwin in relevant part.
Spaziano and Hildwin summarized earlier precedent to conclude that "the Sixth Amendment does not require that the specific findings authorizing the imposition of the sentence of death be made by the jury." Hildwin, 490 U.S., at 640-641, 109 S.Ct. 2055. Their conclusion was wrong, and irreconcilable with Apprendi . Indeed, today is not the first time we have recognized as much. In Ring, we held that another pre-Apprendi decision-Walton, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 -could not "survive the reasoning of Apprendi ." 536 U.S., at 603, 122 S.Ct. 2428. Walton, for its part, was a mere application of Hildwin 's holding to Arizona's capital sentencing scheme. 497 U.S., at 648, 110 S.Ct. 3047.
"Although ' "the doctrine of stare decisis is of fundamental importance to the rule of law[,]" ... [o]ur precedents are not sacrosanct.' ... '[W]e have overruled prior decisions where the necessity and propriety of doing so has been established.' " Ring, 536 U.S., at 608, 122 S.Ct. 2428 (quoting Patterson v. McLean Credit Union, 491 U.S. 164, 172, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) ). And in the Apprendi context, we have found that "stare decisis does not compel adherence to a decision whose 'underpinnings' have been 'eroded' by subsequent developments of constitutional *624 law." Alleyne, 570 U.S., at ----, 133 S.Ct., at 2155 (SOTOMAYOR, J., concurring); see also United States v. Gaudin, 515 U.S. 506, 519-520, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (overruling Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929) ); Ring, 536 U.S., at 609, 122 S.Ct. 2428 (overruling Walton, 497 U.S., at 639, 110 S.Ct. 3047 ); Alleyne, 570 U.S., at ----, 133 S.Ct., at 2162-2163 (overruling Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) ).
Time and subsequent cases have washed away the logic of Spaziano and Hildwin . The decisions are overruled to the extent they allow a sentencing judge to find an aggravating circumstance, independent of a jury's factfinding, that is necessary for imposition of the death penalty.
D
Finally, we do not reach the State's assertion that any error was harmless. See Neder v. United States, 527 U.S. 1, 18-19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (holding that the failure to submit an uncontested element of an offense to a jury may be harmless). This Court normally leaves it to state courts to consider whether an error is harmless, and we see no reason to depart from that pattern here. See Ring, 536 U.S., at 609, n. 7, 122 S.Ct. 2428.
* * *
The Sixth Amendment protects a defendant's right to an impartial jury. This right required Florida to base Timothy Hurst's death sentence on a jury's verdict, not a judge's factfinding. Florida's sentencing scheme, which required the judge alone to find the existence of an aggravating circumstance, is therefore unconstitutional.
The judgment of the Florida Supreme Court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.
So ordered.
Justice BREYER, concurring in the judgment.
For the reasons explained in my opinion concurring in the judgment in Ring v. Arizona, 536 U.S. 584, 613-619, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), I cannot join the Court's opinion. As in that case, however, I concur in the judgment here based on my view that "the Eighth Amendment requires that a jury, not a judge, make the decision to sentence a defendant to death." Id., at 614, 122 S.Ct. 2428 ; see id., at 618, 122 S.Ct. 2428 ("[T]he danger of unwarranted imposition of the [death] penalty cannot be avoided unless 'the decision to impose the death penalty is made by a jury rather than by a single government official' " (quoting Spaziano v. Florida, 468 U.S. 447, 469, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984) (STEVENS, J., concurring in part and dissenting in part))). No one argues that Florida's juries actually sentence capital defendants to death-that job is left to Florida's judges. See Fla. Stat. § 921.141(3) (2010). Like the majority, therefore, I would reverse the judgment of the Florida Supreme Court.