WELCH, Judge.
Ryan Gerald Russell was convicted of murder made capital because the victim was less than 14 years old. See § 13A-5-40(a)(15), Ala. Code 1975. During the penalty phase of the trial, the foreperson of the jury submitted to the court a verdict form reflecting that, by a unanimous vote, the jurors found that the State had proven beyond a reasonable doubt the aggravating circumstance that Russell's capital offense was especially heinous, atrocious, or cruel when compared to other capital offenses. See § 13A-5-49(8), Ala. Code 1975. The foreperson of the jury submitted to the court a verdict form reflecting that, by a unanimous vote, the jurors recommended that Russell be sentenced to death. The trial court ordered that a presentence investigation report be furnished to the court.
The trial court sentenced Russell to death following its consideration of the evidence presented at the guilt and penalty phases of the trial, the presentence report, the aggravating and mitigating factors it found to exist, the trial court's determination that the aggravating factor outweighed the mitigating factors, and the jury's advisory verdict. This Court affirmed Russell's conviction and sentence in Russell v. State, 261 So. 3d 397 (Ala. Crim. App. 2015), and the Alabama Supreme Court denied certiorari on February 19, 2016. On October 3, 2016, the United States Supreme Court granted Russell's petition for a writ of certiorari and held:
"On petition for writ of certiorari to the Court of Criminal Appeals of Alabama. Motion of petitioner for leave to proceed in forma pauperis and petition for writ of certiorari granted. Judgment vacated, and case remanded to the Court of Criminal Appeals of Alabama for further consideration in light of Hurst v. Florida, 577 U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016)."
Russell v. Alabama (No. 15-9918, Oct. 3, 2016), 580 U.S. ----, 137 S.Ct. 158, 196 L.Ed.2d 6 (2016).
In Hurst v. Florida, 577 U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), the United States Supreme Court held that Florida's death-penalty scheme violated the protection guaranteed by the Sixth Amendment of the United States Constitution of a defendant's right to an impartial jury because Florida's death-penalty statute "required the judge alone to find the existence of an aggravating circumstance." Hurst, 577 U.S. at ----, 136 S.Ct. at 622-24. The United States Supreme Court had *456 previously decided two cases upon which the holding in Hurst was based: Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). Apprendi held that the United States Constitution requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Ring, citing Apprendi, held that "[c]apital defendants, no less than noncapital defendants ... are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." Ring, 536 U.S. at 589. Moreover, Ring requires "that the jury unanimously find the existence of an aggravating circumstance in order to make the defendant death-eligible." Duke v. State, 889 So.2d 1, 43 n.4 (Ala. Crim. App. 2002), vacated on other grounds, Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).
On September 30, 2016, the Alabama Supreme Court released Ex parte Bohannon, 222 So. 3d 525 (Ala. 2016), addressing the effect of Hurst on Alabama's death-penalty statute and holding that Alabama's capital-sentencing scheme is not in violation of Hurst, Apprendi, or Ring.[1]
The Alabama Supreme Court held in Bohannon:
" Ring and Hurst require only that the jury find the existence of the aggravating factor that makes a defendant eligible for the death penalty-the plain language in those cases requires nothing more and nothing less. Accordingly, because in Alabama a jury, not the judge, determines by a unanimous verdict the critical finding that an aggravating circumstance exists beyond a reasonable doubt to make a defendant death-eligible, Alabama's capital-sentencing scheme does not violate the Sixth Amendment."
Bohannon, 222 So. 3d at 532. In the case before us, the jury unanimously found the existence of the aggravating factor that the crime was especially heinous, atrocious, or cruel when compared to other capital offenses-the same aggravating circumstance the judge relied upon to impose a sentence of death-and the jury then unanimously recommended a sentence of death.
Thus, Alabama has reviewed its capital-sentencing scheme in light of Hurst and has determined that its capital-sentencing scheme does not violate the United States Constitution and does not run afoul of Apprendi, Ring, or Hurst. Therefore, for the foregoing reasons, as well as the reasons stated by this Court in Russell v. State, 261 So. 3d 397 (Ala. Crim. App. 2015), the judgment of the trial court is affirmed.
AFFIRMED.
Windom, P.J., and Burke, J., concur. Joiner, J., recuses himself. Kellum, J., not sitting.

See also State v. Billups, 223 So. 3d 954 (Ala. Crim. App. 2016), holding that Alabama's capital-sentencing statute is not unconstitutional.