QUINCE, J.,
concurring in part and dissenting in part.
I agree with the majority’s decision to affirm the postconviction court’s denial of Hall’s postconviction motion. I dissent, however, to the decision to deny Hall’s petition for a writ of habeas corpus and would find that the Hurst error in this case was not harmless beyond a reasonable doubt.
In Hurst v. State, 202 So.3d 40 (Fla. 2016), we held that for a defendant to be eligible for the death sentence, a jury must unanimously find the existence of each aggravating factor, that the aggravating factors are sufficient, and that the aggravating factors outweigh the mitigating circumstances. Hurst, 202 So.3d at 44. Additionally, we held that the jury’s death sentence recommendation must be unanimous. Id. While I agreed in Hurst that errors under Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), are subject to harmless error review, see Hurst, 202 So.3d at 68, I do not believe that we can ever find Hurst error harmless when there are aggravating circumstances that require a factual determination based on evidence presented to the jury. Because Hurst requires “a jury, not *1037 a judge, to find each fact necessary to impose a sentence of death,” Hurst v. Florida, 136 S.Ct. at 619, the error cannot be harmless where such a factual determination was not made.
The aggravating circumstances in this case were: (1) Hall was previously convicted of a felony and under sentence of imprisonment; (2) Hall was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person; (3) the murder was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws; (4) the murder was especially heinous, atrocious or cruel; and (5) the victim of the capital felony was a law enforcement officer engaged in the performance of his or her official duties, which was merged with aggravator number 3. Three of these aggravators are established without a factual determination by the jury, but the remaining aggravators each required factual findings that, under Hurst, must now be considered and weighed by a jury. As we stated in Hurst, without an interrogatory verdict, we cannot determine which aggravators the jury unanimously found beyond a reasonable doubt. See Hurst, 202 So.3d at 67.
In Hurst, we declined to speculate why the jurors voted the way they did, yet because here the jury vote was unanimous, the majority is comfortable determining that “it is inconceivable that a jury would not have found the aggravation in Hall’s case unanimously, especially given the fact that three of the aggravators found were automatic.” Maj. op. at 61. Even though the jury unanimously recommended the death penalty, whether the jury unanimously found each aggravating factor remains unknown.
The majority’s reweighing of the evidence to support its conclusion is not an appropriate harmless error review. The harmless error review is not a sufficiency of the evidence test and the majority’s analysis should instead focus on the effect of the error-on the trier of fact. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). By ignoring the record and concluding that all aggravators were unanimously found by the jury, the majority is engaging in the exact type of conduct the United States Supreme Court cautioned against in Hurst v. Florida. See Hurst v. Florida, 136 S.Ct. at 622. Because the harmless error review is not a sufficiency of the evidence review nor “a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence,” DiGuilio, 491 So.2d at 1139, I conclude that the error here was harmful.