# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10962
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CELSO JAIMES-MEDERO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-2-3

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Celso Jaimes-Medero pleaded guilty, without a plea agreement, to one count of conspiracy to distribute 500 grams or more of methamphetamine. He was sentenced within the guidelines range to 168 months of imprisonment and five years of supervised release.

Jaimes-Medero asserts that his Fifth and Sixth Amendment rights were violated because his range of punishment was affected by facts that were not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10962

submitted to a jury and proved beyond a reasonable doubt. He argues that the district court improperly found that he was accountable for 4.5 kilograms of methamphetamine actual, which raised his base offense level and increased his guidelines range; he asserts that the district court's finding with regard to drug quantity was an element of the offense. Jaimes-Medero concedes that his claim is foreclosed and notes that he raises the claim to preserve it for further review.

The Government has filed an unopposed motion for summary affirmance or, alternatively, an extension of time to file a merits brief. The Government contends that the sole appellate issue is foreclosed in light of *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), and *United States v. Bazemore*, 839 F.3d 379, 393 (5th Cir. 2016).

As Jaimes-Medero concedes, we held in *Tuma* that a sentencing judge acts within his discretion by finding facts that affect a defendant's guidelines sentencing range. *See* 136 S. Ct. at 620-24. While he asserts that the holding of *Tuma* has been called into question by the Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), he admits that such a contention is foreclosed by *Bazemore*, in which we determined that *Hurst* does not implicate the federal sentencing scheme or undermine *Tuma*. *See* 839 F.3d at 393.

Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternate motion for an extension of time to file a brief is DENIED.