# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11277
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN LOREDO-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:16-CR-3-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Juan Loredo-Lopez appeals his 41-month, above-guidelines sentence for illegally reentering the United States after deportation, which the district court imposed upon finding that a sentence within the advisory range would not adequately reflect the seriousness of Loredo-Lopez's criminal history. Further, the district court observed that none of Loredo-Lopez's previous removals had deterred him from reentering the United States illegally. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11277

U.S.S.G. § 4A1.3(a).  Citing the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), Loredo-Lopez contends that the district court violated his Fifth and Sixth Amendment rights because its decision to vary upwards was made absent a jury finding as to the fact of his prior criminal conduct.  The Government moves for summary affirmance, arguing that Loredo-Lopez's argument is foreclosed by *United States v. Tuma*, 738 F.3d 681 (5th Cir. 2013), and *United States v. Bazemore*, 839 F.3d 379 (5th Cir. 2016).  Loredo-Lopez contends that the Supreme Court's recent decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), calls *Tuma* into question.

In *Tuma*, this court held that a district court may make findings of fact that increase a defendant's sentence if those facts do not expose the defendant to a mandatory minimum sentence.  738 F.3d at 693.  In *Hurst*, the Supreme Court invalidated Florida's hybrid capital sentencing scheme in which "the maximum sentence a capital defendant [could] receive on the basis of the [jury] conviction alone [was] life imprisonment," and the defendant could receive a death sentence only if the court made additional findings at a subsequent sentencing proceeding.  136 S. Ct. at 620–21.  In *Bazemore*, however, this court rejected an argument similar to Loredo-Lopez's, explaining that *Hurst* "applies only to statutory schemes in which judge-made findings increase the maximum sentence that a defendant can receive."  839 F.3d at 392–93.  Because Loredo-Lopez's 41-month sentence neither implicates a mandatory minimum nor exceeds the statutory maximum, it raises no Sixth Amendment concerns.  Consequently, the Government is "clearly right as a matter of law" such that "there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Loredo-Lopez concedes that his argument is foreclosed, and he raises it only to preserve the issue for future review.

No. 16-11277

Accordingly, IT IS ORDERED that the Government's motion for summary judgment is GRANTED. Its alternative motion for an extension of time to file a brief on the merits is DENIED. The judgment of the district court is AFFIRMED.