CANADY, J.,
concurring in part and dissenting in part.
I concur with the majority’s decision except its vacating of the death sentence based on Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). As I explained in my dissent in Hurst v. State, the only flaw identified by the Supreme Court that rendered Florida’s former death penalty statute unconstitutional was its failure to require a jury finding of an aggravating circumstance. See Hurst v. State, 202 So.3d 40, 77 (Fla. 2016) (Canady, J., dissenting) (noting “the Hurst v. Florida Court’s repeated identification of Florida’s failure to require a jury finding of an aggravator as the flaw that renders Florida’s death penalty law unconstitutional”), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017); see also Hurst v. Florida, 136 S.Ct. at 624 (“Florida’s sentencing scheme, which required the judge alone to find the existence of an aggravating circumstance, is therefore unconstitutional.”). But Jeffries’s jury did make a finding as to the existence of an aggravating circumstance—that the mur *554 der was committed while Jeffries was engaged in the commission of a burglary and/or a robbery. The jury unanimously determined that this aggravating circumstance was proven beyond a reasonable doubt as reflected in its separate, contemporaneous verdicts finding Jeffries guilty of armed burglary of a dwelling and armed robbery. Thus, Jeffries is not entitled to relief under Hurst. The other penalty phase issues raised by Jeffries are without merit. Accordingly, I would affirm Jef-fries’s death sentence.
POLSTON, J., concurs.