# Supreme Court of Florida

THURSDAY, OCTOBER 19, 2017

**CASE NO.: SC13-2247**
Lower Tribunal No(s).:
102009CF000233000AMX

LEO LOUIS KACZMAR, III          vs.          STATE OF FLORIDA

Appellant(s)                                              Appellee(s)

Appellant's motion for rehearing is hereby denied without prejudice to raise, in a separate habeas corpus proceeding alleging ineffective assistance of appellate counsel, the trial court's error in disclosing appellant's prior death sentence for the crime at issue to the venire, which appellate counsel raised for the first time on rehearing.

LABARGA, C.J., and LEWIS, CANADY, and POLSTON, JJ., concur.
PARIENTE, J., dissents with an opinion.
QUINCE, J., dissents with an opinion, in which PARIENTE, J., concurs.
LAWSON, J., did not participate.

PARIENTE, J., dissenting.

I dissent from the denial of rehearing. First, I would grant rehearing for the reasons stated in my original concurring in part and dissenting in part opinion as to why Kaczmar should be granted a new penalty phase in light of Hurst v. Florida (Hurst v. Florida), 136 S. Ct. 616 (2016), and Hurst v. State, 202 So. 3d 40 (Fla.

2016), cert. denied, 137 S. Ct. 2161 (2017). See Kaczmar v. State, 42 Fla. L.

Weekly S127, 2017 WL 410214, at *10-11 (Fla. Jan. 31, 2017) (Pariente, J.,

concurring in part and dissenting in part). Second, I would grant rehearing, rather

than requiring Kaczmar to file a separate habeas petition, because the trial court's

improper comments to the jury about Kaczmar's prior death sentence, which

appear on the face of the record, warrant reversal based on our precedent in

Hitchcock v. State, 673 So. 2d 859, 863 (Fla. 1996).

In Hitchcock, this Court cautioned trial courts against "mentioning the

defendant's prior [death] sentence" in cases remanded for a new penalty phase. Id.

The Hitchcock Court explained that "[n]o other instruction" but the following

should be given when a death sentence is reversed and the case is remanded for a

new penalty phase:

> An appellate court has reviewed and affirmed the defendant's
> conviction for the murder of [the victim]. However, the appellate
> court sent the case back to this court with instructions that the
> defendant is to have a new trial at this time to decide what sentence
> should be imposed.

Id.

Nevertheless, the trial court in this case addressed the venire, in pertinent

part, as follows:

THE COURT: Be seated, please. All right. Good morning, ladies and gentlemen. My name is William Wilkes, and I'm the Judge that will be handling this case.

This case has a little history to it so let me explain your duty today. It's different than most trials we ever have.

The defendant was found guilty of murder in the first degree on 8/12/2010, sentenced on 11/5/10 to life—to death in this case. Anyway, the Supreme Court always reviews any type of death case so the case went to the state Supreme Court, Florida State Supreme Court. They affirmed his conviction, that is they confirmed his conviction for the first degree murder. However, the Supreme Court sent the case back here with instructions that the defendant is to have a new trial to decide what sentence should be imposed.

I realize that my colleagues have denied rehearing without prejudice to filing a separate habeas petition alleging ineffective assistance of appellate counsel because this issue, constituting clear reversible error, was not raised on direct appeal and only first raised in the motion for rehearing. Not raising this issue on appeal, in my view, constitutes ineffective assistance of appellate counsel that is apparent on the face of the record. See, e.g., Sims v. State, 998 So. 2d 494, 502 (Fla. 2008); Mansfield v. State, 758 So. 2d 636, 642 (Fla. 2000). Rather than require a separate habeas petition, I would request a response from the State and then determine if there is any reason that relief in the form of a new sentencing proceeding is not warranted.

Additionally, these clear errors only strengthen the conclusion in my original concurring in part and dissenting in part opinion in regard to the Hurst error in this case. See Kaczmar, 2017 WL 410214, at \*10-11 (Pariente, J., concurring in part and dissenting in part). The trial court's error of informing the jury about Kaczmar's prior death sentence further compounds the prejudice to Kaczmar, rendering the jury's unanimous recommendation for death unreliable. For these reasons, I dissent from the denial of the motion for rehearing.

QUINCE, J., dissenting.

I would grant rehearing based on the fact that the jury was told that the defendant had previously been sentenced to death. It would be more efficient to grant rehearing to resolve the issue, than to require the filing of a new habeas petition.

PARIENTE, J., concurs.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court



so

**CASE NO.:** SC13-2247
Page Five


Served:

CHARMAINE M. MILLSAPS
RICHARD M BRACEY III
HON. TARA S. GREEN, CLERK
STEPHEN M. NELSON
HON. MARK H. MAHON, CHIEF JUDGE
HON. WILLIAM ARTHUR WILKES, JUDGE