QUINCE, J., dissenting.
As I have stated previously, "[b]ecause Hurst requires 'a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." Hall v. State , 212 So.3d 1001, 1036-37 (Fla. 2017) (Quince, J., concurring in part and dissenting in part) (citation omitted) (quoting Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 619, 193 L.Ed.2d 504 (2016) ). I am even more troubled in a case such as this one, where the defendant waived his right to present mitigation to avoid subjecting his sisters to the stress of testifying when he felt it was highly unlikely he would convince six jurors to vote for life. I agree with Justice Pariente's viewpoint that our Hurst jurisprudence affects a defendant's calculus in determining whether to present mitigation. I accordingly cannot agree with the majority that the Hurst error in this case is harmless beyond a reasonable doubt. Accordingly, I dissent.