# Supreme Court of Florida

_____

No. SC18-175
_____

**FRED ANDERSON, JR.,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

October 4, 2018

PER CURIAM.

Fred Anderson, Jr., a prisoner under sentence of death, appeals the circuit court's order denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

In 1999, a jury convicted Anderson of first-degree murder, attempted first-degree murder, robbery with a firearm, and grand theft of a firearm. After hearing evidence during the penalty phase, the jury unanimously recommended a sentence of death for the first-degree murder by a vote of twelve to zero. We affirmed Anderson's convictions and sentence of death on direct appeal. *Anderson v. State*,

863 So. 2d 169 (Fla. 2003). We also affirmed the denial of his initial motion for postconviction relief and denied his petition for writ of habeas corpus. *Anderson v. State*, 18 So. 3d 501 (Fla. 2009).

In January 2017, Anderson filed a successive postconviction motion to vacate his death sentence in light of the decision of United States Supreme Court in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and this Court's decision in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). The postconviction court granted Anderson's request for an evidentiary hearing, which was held on July 28, 2017. The postconviction court issued an order denying relief on November 17, 2017. Anderson moved for rehearing, which the postconviction court denied on December 29, 2017, the same day on which the court entered an amended order denying relief. This appeal follows.

Anderson argues the *Hurst* error in his case was not harmless despite the jury's unanimous recommendation for death and that the postconviction court erred in denying his successive motion. As we have previously explained, "a jury's unanimous recommendation of death is 'precisely what we determined in *Hurst* to be constitutionally necessary to impose a sentence of death' because a 'jury unanimously f[inds] all of the necessary facts for the imposition of [a] death sentence[ ] by virtue of its unanimous recommendation[ ].' " *Everett v. State*, 43 Fla. L. Weekly S250, S250, 2018 WL 2355339 (Fla. May 24, 2018) (quoting *Davis*

*v. State*, 207 So. 3d 142 (Fla. 2016), *cert. denied*, 137 S. Ct. 2218 (2017)). This Court has "consistently relied on *Davis* to deny *Hurst* relief to defendants who have received a unanimous jury recommendation of death." *Everett*, 43 Fla. L. Weekly at S250.

As previously discussed, Anderson received a unanimous jury recommendation of death. Neither the jury instructions provided in this case, nor the aggravators and mitigators found by the trial court, nor the facts of the case compel departing from our precedent. We conclude any *Hurst* error in this case was harmless beyond a reasonable doubt, and Anderson is therefore not entitled to relief.

Anderson also contends that a unanimous jury recommendation violates the Eighth Amendment pursuant to *Caldwell v. Mississippi*, 472 U.S. 320 (1985), when a jury is told that its role is advisory. However, we have "repeatedly rejected *Caldwell* challenges to the advisory standard jury instructions . . . [and] expressly rejected these post-*Hurst Caldwell* claims." *Hall v. State*, 246 So. 3d 210 (Fla. 2018) (plurality opinion); *see also Reynolds v. State*, 43 Fla. L. Weekly S163, S169, 2018 WL 1633075 (Fla. Apr. 5, 2018) (plurality opinion) ("*Hurst*-induced

*Caldwell* claims against the standard jury instruction do not provide an avenue for *Hurst* relief.").  Therefore, Anderson is not entitled to relief on this claim either.[1]

Accordingly, because we conclude any *Hurst* error in this case was harmless beyond a reasonable doubt, and the remaining claims are similarly without merit, we affirm the postconviction court's order denying Anderson's successive motion for postconviction relief.

It is so ordered.

PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Lake County,
    G. Richard Singeltary, Judge - Case No. 351999CF000572AXXXXX

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Maria E. DeLiberato, Julissa R. Fontán, Chelsea Shirley, and Kara Ottervanger, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Patrick Bobek, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee

---

1.  We likewise reject Anderson's argument that he is entitled to a new proportionality analysis with respect to his death sentence.

- 4 -