# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2019

Lyle W. Cayce
Clerk

No. 18-11214
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ORTIZ-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-85-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Ortiz-Flores appeals his 21-month, within-guidelines sentence for illegally reentering the United States after deportation. Although Ortiz-Flores admitted to only one prior removal, the district court found that he had three prior removals, and that finding played some part in the sentence selected by the district court. Citing the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), Ortiz-Flores contends that the district court violated his Fifth and Sixth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11214

Amendment rights because its choice of sentence was made absent a jury finding as to the fact of his two additional prior removals. The Government moves for summary affirmance, arguing that Ortiz-Flores's argument is foreclosed by *United States v. Tuma*, 738 F.3d 681 (5th Cir. 2013), and *United States v. Bazemore*, 839 F.3d 379 (5th Cir. 2016). Ortiz-Flores contends that the Supreme Court's recent decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), calls *Tuma* into question.

In *Tuma*, this court held that a district court may make findings of fact that increase a defendant's sentence if those facts do not expose the defendant to a mandatory minimum sentence. 738 F.3d at 693. In *Hurst*, the Supreme Court invalidated Florida's hybrid capital sentencing scheme in which "the maximum sentence a capital [defendant could] receive on the basis of the [jury] conviction alone [was] life imprisonment," and the defendant could receive a death sentence only if the court made additional findings at a subsequent sentencing proceeding. 136 S. Ct. at 620-21. In *Bazemore*, however, this court rejected an argument similar to Ortiz-Flores's, explaining that *Hurst* "applies only to statutory schemes in which judge-made findings increase the maximum sentence that a defendant can receive." 839 F.3d at 392-93. Because Ortiz-Flores's 21-month sentence neither implicates a mandatory minimum nor exceeds the statutory maximum, it raises no Sixth Amendment concerns. Consequently, the Government is "clearly right as a matter of law" such that "there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Ortiz-Flores concedes that his argument is foreclosed, and he raises it only to preserve the issue for future review.

Accordingly, IT IS ORDERED that the Government's motion for summary affirmance is GRANTED. Its alternative motion for an extension of

No. 18-11214

time to file a brief on the merits is DENIED. The judgment of the district court is AFFIRMED.