# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10521
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 6, 2020
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN ADAM SEGOVIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-117-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Steven Adam Segovia appeals the 175-month sentence imposed after he pleaded guilty to possession "with intent to distribute 50 grams and more of methamphetamine (actual)." Citing the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), Segovia contends that the district court violated his Fifth and Sixth Amendment rights by basing his guideline sentence on a drug amount in excess of 300 grams of methamphetamine that was not alleged in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10521

the indictment and proved to a jury beyond a reasonable doubt. The Government moves for summary affirmance, arguing that Segovia's argument is foreclosed by *United States v. Tuma*, 738 F.3d 681 (5th Cir. 2013), and *United States v. Bazemore*, 839 F.3d 379 (5th Cir. 2016).

In *Tuma*, this court held that a district court may make findings of fact that increase a defendant's sentence if those facts do not expose the defendant to an increased mandatory minimum sentence. *Tuma*, 738 F.3d at 693. Otherwise, a court's "'broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.'" *Id.* (quoting *Alleyne v. United States*, 570 U.S. 99, 116 (2013)); *cf. also generally Apprendi*, 530 U.S. at 490 (holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Segovia suggests that the Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616, 619-24 (2016), called *Tuma* into question by invalidating Florida's capital sentencing scheme to the extent it required the trial judge, not the jury, to find sufficient aggravating circumstances to justify the death penalty. He concedes, however, that in *Bazemore* this court rejected a similar argument, explaining that *Hurst* "applies only to statutory schemes in which judge-made findings increase the maximum sentence that a defendant can receive." *Bazemore*, 839 F.3d at 392-93.

Segovia was charged and convicted under a statute providing a minimum sentence of 10 years and a maximum sentence of life in prison for a crime involving 50 grams or more of methamphetamine. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Because the charged drug quantity supported Segovia's 175-month sentence, and the sentence did not exceed the statutory maximum, the sentence raises no constitutional concerns. *See Bazemore*, 839 F.3d at 392-

No. 19-10521

93; *Tuma*, 738 F.3d at 693. We also note that, in any event, Segovia stipulated that his crime involved more than 300 grams of methamphetamine.

Segovia's contention is clearly foreclosed, such that "there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for additional time for briefing is DENIED.