# Supreme Court of Florida

———————

No. SC18-1589

———————

**LUCIOUS BOYD,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

March 19, 2020

PER CURIAM.

Lucious Boyd, a prisoner under sentence of death, appeals the trial court's order summarily denying his successive motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.851 and, alternatively, to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Boyd sought relief from his sentence of death, raising claims predicated on the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), this Court's decision on remand in *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from by State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), and

Florida legislation implementing those decisions.  We have jurisdiction,[1] and for the reasons below affirm the summary denial.

We previously denied a petition for writ of habeas corpus in which Boyd sought relief from his death sentence pursuant to *Hurst v. Florida* and *Hurst v. State*.  *See Boyd v. Jones*, No. SC16-1812, 2017 WL 318931, at *1 (Fla. Jan. 23, 2017).  Boyd's claims in this proceeding derive from the *Hurst* decisions and the legislation implementing them and are therefore procedurally barred.

Even without the procedural bar, however, our recent decision in *Poole*, 45 Fla. L. Weekly S41, forecloses relief.  Pursuant to *Poole*, there is no *Hurst v. Florida* or *Hurst v. State* error in Boyd's case because a unanimous jury finding establishes the existence of at least one statutory aggravating circumstance beyond a reasonable doubt.  *See Poole*, 45 Fla. L. Weekly at S48 ("reced[ing] from *Hurst v. State* except to the extent it requires a jury unanimously to find the existence of a statutory aggravating circumstance beyond a reasonable doubt" as required by *Hurst v. Florida*); *see also McKinney v. Arizona*, 140 S. Ct. 702, 707 (2020) (holding that, under *Hurst v. Florida*, "a jury must find the aggravating circumstance that makes the defendant death eligible," but that a jury "is not constitutionally required to weigh the aggravating and mitigating circumstances or to make the ultimate sentencing decision within the relevant sentencing range").

_____

1.  *See* art. V, § 3(b)(1), Fla. Const.

Among the aggravators in Boyd's case, the trial court found that the victim's murder was committed while Boyd was committing or attempting to commit kidnapping and sexual battery. *Boyd v. State*, 910 So. 2d 167, 176 n.1 (Fla. 2005). This aggravating circumstance is established by unanimous jury findings, namely the jury's verdict finding Boyd guilty of the contemporaneous armed kidnapping and sexual battery of the victim. *See id.* at 176.

Accordingly, we affirm the trial court's summary denial of relief.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, and MUÑIZ, JJ., concur.
LABARGA, J., concurs in result only with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in result only.

Because the majority relies on *State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), a wrongfully decided opinion to which I strenuously dissented, I can concur only in the result.

An Appeal from the Circuit Court in and for Broward County,
    Andrew Siegel, Judge - Case No. 061999CF005809A88810

Neal Dupree, Capital Collateral Regional Counsel, Suzanne Keffer, Chief Assistant Capital Collateral Regional Counsel, and Scott Gavin, Staff Attorney, Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Leslie T. Campbell, Senior Assistant Attorney General, West Palm Beach, Florida,

for Appellee