# Supreme Court of Florida

_____

No. SC18-810
_____

**DUANE EUGENE OWEN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

June 25, 2020
**CORRECTED OPINION**

PER CURIAM.

Duane Eugene Owen appeals an order of the circuit court denying his successive motion to vacate his sentence of death under Florida Rule of Criminal Procedure 3.851, relying on *Hurst v. Florida*, 136 S. Ct. 616 (2016); *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017), *receded from by State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020); and this Court's *Hurst*-related precedent regarding death sentences that became final after June 24, 2002. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. Applying *McKinney v. Arizona*, 140

S. Ct. 702, 707-09 (2020), and *State v. Poole*, 45 Fla. L. Weekly S41, we affirm

Owen's sentence of death.

## BACKGROUND

In 1984, Owen forcibly entered a home in which fourteen-year-old Karen

Slattery was babysitting two young children, stabbed Slattery to death, and

sexually assaulted her. *Owen v. State* (*Owen II*), 862 So. 2d 687, 700 (Fla. 2003),

*cert. denied*, 543 U.S. 986 (2004).[1] Owen was sentenced to death after his jury

recommended this sentence by a vote of ten to two. *Id.* at 690.

Owen has also been convicted of the first-degree murder of another victim,

Georgianna Worden, who was murdered approximately two months after Slattery

in a scenario "substantially similar to [that] of the Slattery murder." *Id.* at 691-92;

*Owen v. State* (*Owen I*), 560 So. 2d 207, 209 (Fla. 1990). Owen was sentenced to

death for Worden's murder following his jury's ten-to-two recommendation for

death. *See Owen v. State*, 596 So. 2d 985, 987 (Fla. 1992), *cert. denied*, 506 U.S.

921 (1992). With respect to this murder, too, Owen has sought relief under *Hurst*

*v. Florida* and *Hurst v. State*. *Owen v. State*, 247 So. 3d 394, 395 (Fla. 2018).

However, we have already held that Owen is not entitled to *Hurst* relief from his

---

1. For the sexual offense, Owen was not convicted of sexual battery, but attempted sexual battery. *Owen II*, 862 So. 2d at 690. Although there was clear evidence of a sexual assault, it was not clear whether it occurred before or after Slattery's death. *Id.* at 699.

sentence for the Worden murder because that sentence became final before June 24, 2002, the cut-off date for such relief that was established in *Asay v. State*, 210 So. 3d 1, 22 (Fla. 2016), and *Mosley v. State*, 209 So. 3d 1248, 1283 (Fla. 2016). *See Owen*, 247 So. 3d at 395.

Even though Owen murdered Slattery before he murdered Worden, his death sentence for the murder of Slattery is in a different posture with respect to our *Hurst*-related precedent. The reason for this difference is that Owen's original conviction and sentence of death for Slattery's murder were reversed and remanded for a new trial, *see Owen I*, 560 So. 2d at 212, which delayed the finality date of his conviction and sentence for that murder. Although Owen was convicted of the Slattery murder again and given the same sentence, the new conviction and sentence for Slattery's murder did not become final until after June 24, 2002, more than a decade after Owen's conviction and sentence of death for Worden's murder became final. *See Owen II*, 862 So. 2d at 700, *cert. denied*, 543 U.S. 986 (2004).

With respect to the Slattery murder and the resulting sentence, which is at issue in this case, Owen, whose DNA was found in semen recovered from Slattery's body, confessed to his crimes. *Id*. at 702. More specifically, Owen admitted the following facts:

> Owen admitted to cutting a screen out of a window to gain access to the home where Slattery was babysitting. The first time he entered

- 3 -

the home, he heard noises and observed Slattery fixing the hair of one of her charges. Owen left the home but subsequently returned. Initially, when he returned, he had his socks on his hands, but immediately upon entering the house, he searched a closet in the home and found gloves, which he placed on his hands, returning his socks to his feet. He also retrieved a hammer from the same closet.

According to Owen, he confronted Slattery near the phone as she was concluding a telephone conversation. He ordered her to return the phone to its cradle, and when she did not, he dropped his hammer, grabbed the phone from her hand, returned it to its base, and immediately began stabbing her. After Owen had stabbed Slattery, he checked on the children to ensure they had not awakened during the attack, and he then proceeded to lock the doors and turn off all the lights and the television. Owen then dragged Slattery by her feet into the bedroom, removed her clothes, and sexually assaulted her. He explained to the officer questioning him that he had only worn a pair of "short-shorts" into the house. After he sexually assaulted Slattery, Owen showered to wash the blood from his body, and then exited the house through a sliding glass door. He then returned to the home where he was staying and turned the clocks back [in that house] to read 9:00 p.m. According to Owen, he did this to provide an alibi based on time. He admitted that after he turned the clocks back, he purposely asked his roommate the time. Owen bragged to the officers about his plan to turn back the clocks, explaining that he "had to be thinking."

*Id.* at 700.

Along with first-degree murder, Owen was convicted of attempted sexual battery and burglary at his retrial. *Id.* at 690. After this Court affirmed Owen's convictions and sentence of death on direct appeal, *id.*, and the United States Supreme Court denied certiorari, *Owen v. Florida*, 543 U.S. 986 (2004), this Court affirmed the denial of Owen's initial postconviction motion and denied his petition for writ of habeas corpus. *Owen v. State* (*Owen III*), 986 So. 2d 534, 541 (Fla.

2008). The federal district court subsequently denied Owen's federal habeas petition, the Eleventh Circuit Court of Appeals affirmed, and the Supreme Court denied certiorari. *See Owen v. Fla. Dep't of Corr.*, 686 F.3d 1181, 1183 (11th Cir. 2012), *cert. denied*, 569 U.S. 960 (2013). In the successive postconviction motion at issue in this appeal, Owen sought relief from his death sentence pursuant to the Supreme Court's decision in *Hurst v. Florida* and this Court's decision on remand in *Hurst v. State*. The circuit court denied relief, and Owen seeks reversal of that ruling.

## ANALYSIS

In *Hurst v. Florida*, the Supreme Court found Florida's capital sentencing scheme unconstitutional because it "required the judge alone to find the existence of an aggravating circumstance." 136 S. Ct. at 624. In so holding, the Supreme Court overruled its prior precedent upholding Florida's capital sentencing scheme "to the extent [that precedent] allow[ed] a sentencing judge to find an aggravating circumstance, independent of a jury's factfinding, that is necessary for the imposition of the death penalty." *Id.* Then, in *Hurst v. State*, this Court held the following:

> [B]efore the trial judge may consider imposing a sentence of death, the jury in a capital case must unanimously and expressly find all the aggravating factors that were proven beyond a reasonable doubt, unanimously find that the aggravating factors are sufficient to impose death, unanimously find that the aggravating factors outweigh the mitigating factors, and unanimously recommend a sentence of death.

- 5 -

202 So. 3d at 57.  We have since receded from this holding, "except to the extent it requires a jury unanimously to find the existence of a statutory aggravating circumstance beyond a reasonable doubt."  *Poole*, 45 Fla. L. Weekly at S48.  The Supreme Court's recent decision in *McKinney* confirms that we correctly interpreted *Hurst v. Florida* in *Poole* and supports our decision to recede from the additional requirements imposed by *Hurst v. State*.[2]  *McKinney*, 140 S. Ct. at 7073 ("Under *Ring* [*v. Arizona*, 536 U.S. 584 (2002),] and *Hurst* [*v. Florida*], a jury must find the aggravating circumstance that makes the defendant death eligible. But importantly, in a capital sentencing proceeding just as in an ordinary sentencing proceeding, a jury (as opposed to a judge) is not constitutionally required to weigh the aggravating and mitigating circumstances or to make the ultimate sentencing decision within the relevant sentencing range.").

Beyond the requirement that a jury unanimously find the existence of an aggravating circumstance beyond a reasonable doubt, as explained in *Poole*, the

_____

2. The foundation underpinning *Hurst v. State* was an erroneous reading of *Hurst v. Florida* as imposing a constitutional requirement for unanimous jury "findings" on sentencing factors beyond the existence of at least one aggravating circumstance.  *See Hurst v. State*, 202 So. 3d at 44 ("[W]e hold that the Supreme Court's decision in *Hurst v. Florida* requires that all the critical findings necessary before the trial court may consider imposing a sentence of death must be found unanimously by the jury.").  *McKinney* confirms that our prior decision in *Hurst v. State* was erroneously grounded on a fundamental misunderstanding of *Hurst v. Florida*, as we held in *Poole*.

holding of *Hurst v. State* is not supported by state or federal constitutional law or the statutory law that was in effect before its issuance. *Poole*, 45 Fla. L. Weekly at S43-48; *accord McKinney*, 140 S. Ct. at 707-8. In contrast, the requirement that a jury, not the judge, find the existence of an aggravating circumstance is mandated by the Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. at 624, as a Sixth Amendment requirement. *McKinney*, 140 S. Ct. at 707; *Poole*, 45 Fla. L. Weekly at S44-47.

The Sixth Amendment test required by *Hurst v. Florida*, 136 S. Ct. at 624, and applied in *Poole*, 45 Fla. L. Weekly at S47-S48, is easily met in Owen's case because unanimous jury findings did support two of the aggravators in Owen's case (prior violent felony and in the course of a burglary) and would preclude a finding of *Hurst v. Florida* error. *See Hurst v. Florida*, 136 S. Ct. at 624 (finding that Florida's sentencing scheme violated the Sixth Amendment because it "required the judge alone to find the existence of an aggravating circumstance"); *Poole*, 45 Fla. L. Weekly at S48. Specifically, the prior-violent-felony aggravator was established by Owen's convictions, after a jury trial, of the first-degree murder and sexual battery of Worden. *Owen III*, 986 So. 2d at 553, 555; *Owen*, 596 So. 2d

at 986-87 (Worden case).[3] The "in the course of a burglary" aggravator was established by the jury's verdict of guilt as to that offense in this case. *Owen II*, 862 So. 2d at 690. In fact, Owen conceded the existence of both of these aggravators at sentencing. *Id.* at 702.

**CONCLUSION**

Because Owen's jury found that he committed first-degree murder and because jury findings establish the existence of two statutory aggravators, he is eligible for the death penalty under the law in effect at the time of his crime, and there is no constitutional infirmity in his sentence under *Hurst v. Florida* or the portion of the *Hurst v. State* holding that remains after our decision in *Poole*. Accordingly, we affirm the order of the circuit court upholding the death sentence imposed in this case.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, and COURIEL, JJ., concur. LABARGA, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Palm Beach County,
    Glenn D. Kelley, Judge - Case No 501984CF004014AXXXMB

---

3. The trial court relied on additional prior violent felonies, against two additional victims, to establish this aggravator as well. However, for the purpose of our decision today, it is sufficient to note the Worden murder and sexual battery.

Eric Pinkard, Capital Collateral Regional Counsel, and James L. Driscoll Jr., Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Celia A. Terenzio, Assistant Attorney General, Palm Beach, Florida,

    for Appellee

Arthur I. Jacobs of Jacobs Scholz & Wyler, LLC, Fernandina Beach, Florida,

    for Amicus Curiae Florida Prosecuting Attorneys Association