DISSENT
MERRITT, Circuit Judge,
dissenting.
In this death penalty case, the petitioner, Coley, should have the opportunity to try to show that his execution is inconsistent with constitutionally required allocation of jurisdiction between judge and jury. Coley seeks to present a second habeas application. His theory is that the recent case of Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), forbids 'a state from imposing the death penalty when a judge herself makes the final decision to impose the death penalty after receiving merely a “recommendation” from the jury. In making the decision to allow or disallow the case to go forward in the district court, my colleagues and I agree that we must follow the statutory instructions set out in 28 U.S.C. § 2244, but we do not agree on their application to this case. The statute is not entirely clear but reads in the relevant part, as follows:
(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
*459 (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
Under the record before us, it seems clear that section (b)(2)(A) requiring that the Supreme Court has made the habeas claim in question valid “retroactively” is not met, but there is a “prima facie showing” under section (b)(3)(C) that the “factual predicate for the claim could not have been discovered previously through the exercise of due diligence.” This is because the Supreme Court in Hurst had to overrule prior cases to reach its conclusion that juries, not judges, must make the final decision. This made the fact that a judge rather than a jury decided the sentence irrelevant and not an issue that due diligence could affect.
It seems to me that Coley has complied with section (b) and I would, therefore, grant his request to authorize “the district court to consider the application” under section (b)(3)(A). That may give him a chance to avoid the death penalty.