# Supreme Court of Florida

_____

No. SC17-711
_____

**LENARD JAMES PHILMORE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[January 25, 2018]

PER CURIAM.

Lenard James Philmore is a prisoner under sentence of death whose sentence became final on October 7, 2002. See Philmore v. State, 820 So. 2d 919 (Fla.), cert. denied, 537 U.S. 895 (2002). The facts underlying Philmore's sentence of death, which was imposed after a jury unanimously recommended death, id. at 925, were fully explained in this Court's opinion on direct appeal. Id. at 923-25. Following the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), and this Court's decision on remand in Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017), Philmore filed a successive motion for postconviction relief pursuant to Florida Rule of Criminal

Procedure 3.851, arguing that these decisions render his death sentence unconstitutional under both the United States and Florida Constitutions.[1] This Court has jurisdiction. Art. V, § 3(b)(1), Fla. Const. For the reasons explained below, we affirm the postconviction court's order denying relief.

As the postconviction court found, Hurst applies retroactively to Philmore's sentence of death. See Mosley v. State, 209 So. 3d 1248, 1283 (Fla. 2016). In its order below, the postconviction court found "beyond a reasonable doubt that any Hurst error was harmless," stating:

> This was a highly aggravated case, the jury was instructed that the aggravators must be established beyond a reasonable doubt, the evidence supporting the aggravators for prior and contemporaneous violent felony convictions was significant and uncontested, there was no statutory mitigation, the nonstatutory mitigation was minimal, the jury was not required to recommend death if the aggravators outweighed the mitigators, and the jury recommendation was unanimous. And to date, the Florida Supreme Court has not found Hurst error harmful in any unanimous jury cases.

(Citation omitted.) Based on the jury's unanimous recommendation for a sentence of death, coupled with Philmore's confession and the aggravation in this case, we agree with the postconviction court that the Hurst error in Philmore's case is

---

1. Specifically, Philmore relied on Hurst v. Florida and Hurst to argue in the court below that his death sentence is unconstitutional under the Fifth, Sixth, and Eighth Amendments to the United States Constitution, as well as the corresponding provisions of the Florida Constitution. Philmore's Eighth Amendment claim also includes the assertion that the jury was improperly instructed as to its sentencing responsibility pursuant to Caldwell v. Mississippi, 472 U.S. 320 (1985).

- 2 -

harmless beyond a reasonable doubt.  See Davis v. State, 207 So. 3d 142, 173-75 (Fla. 2016), cert. denied, 137 S. Ct. 2218 (2017).

As to Philmore's other claims alleging due process and Eighth Amendment violations, we conclude that Philmore is not entitled to relief on these claims because the jury's unanimous recommendation renders any Hurst error harmless beyond a reasonable doubt.

Finally, Philmore is not entitled to relitigate his Batson v. Kentucky, 476 U.S. 79 (1986), claim in light of Hurst, which does not affect the merits of a Batson claim.  A Batson claim addresses who sits on the jury while Hurst affects what the jury must do, once empaneled, in order to constitutionally sentence the defendant to death.

Accordingly, we affirm the postconviction court's order denying relief.

It is so ordered.

LABARGA, C.J., and PARIENTE and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
LAWSON, J., concurs specially with an opinion.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LAWSON, J., concurring specially.

See Okafor v. State, 225 So. 3d 768, 775-76 (Fla. 2017) (Lawson, J., concurring specially).

QUINCE, J., dissenting.

I cannot agree with the majority's finding that the <u>Hurst</u> error was harmless beyond a reasonable doubt. As I have stated in other cases, "[b]ecause <u>Hurst</u> requires 'a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." <u>Hall v. State</u>, 212 So. 3d 1001, 1036-37 (Fla. 2017) (Quince, J., concurring in part and dissenting in part) (citation omitted) (quoting <u>Hurst v. Florida</u>, 136 S. Ct. 616, 619 (2016)); <u>see also</u> <u>Truehill v. State</u>, 211 So. 3d 930, 961 (Fla. 2017) (Quince, J., concurring in part and dissenting in part). Accordingly, I dissent.

An Appeal from the Circuit Court in and for Martin County,
      Elizabeth Ann Metzger, Judge - Case No. 431997CF001672CFAXMX

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Adriana C. Corso, and Ali A. Shakoor, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

      for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, Florida,

      for Appellee