POLSTON, J., dissenting. I dissent to the majority’s decision to remand for a new penalty • phase. First, Hurst does not.apply retroactively to1 this case. See Mosley v. State, 209 So.3d 1248, 1285 (Fla. 2016) (Canady, J., concurring in part and dissenting, in part). Second, because the prior violent felony and during the course of' a felony aggravators 'are supported by jury findings, I do not believe a Hurst error is present in this case even if Hurst applied retroactively. See Hurst v. State, 202 So.3d 40, 82 (Fla. 2016) (Canady, J., dissenting). Third, for the reasons explained by Justice Lawson in his dissenting- opinion, Pagan would not be entitled to relief under a proper harmless error analysis. The majority inexplicably has converted Hurst error into pér se reversible error despite the fact that the United States Supreme Court remanded Hurst back to this Court for a harmless error analysis. See Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 624, 193 L.Ed.2d 504 (2016).