PARIENTE, J., concurring.
*47 I agree with the majority's decision affirming the postconviction court's order granting Murray a new penalty phase pursuant to Hurst[15] and denying Murray's separate petition for a writ of habeas corpus. I write separately to, again, emphasize the arbitrariness in the discrepancy between Murray, who is receiving Hurst relief, and his accomplice, Taylor, who was denied Hurst relief. See Taylor v. State , No. SC18-520, 260 So.3d 151, 165-66, 2018 WL 6695985, at *11-12 (Fla. Dec. 20, 2018) (Pariente, J., concurring in result).
Taylor and Murray were both convicted of first-degree murder and sentenced to death for the same crime-the 1990 murder of Alice Vest. Id. at 166, at *12. Taylor's conviction and sentence of death became final in 1994. Id. at 165-66, at *11. However, as I explained in my concurring in result opinion in Taylor , Murray's conviction and sentence did not become final until 2009 because he received three retrials. Id. at 165-66, at *11. Therefore, "[e]ven though both defendants received nonunanimous recommendations for death-Taylor received a 10-2 jury recommendation for death and Murray received an 11-1 jury recommendation-Murray will receive a new penalty phase ... but Taylor will not." Id. This discrepancy between Taylor and Murray's cases illustrates how "the Court's line-drawing for the retroactivity of Hurst creates unconstitutional results for defendants." Id. at 166, at *12.
LAWSON, J., concurring specially.
I concur in that portion of the opinion affirming the postconviction court's order granting Hurst relief for the reasons explained in Okafor v. State , 225 So.3d 768, 775-76 (Fla. 2017) (Lawson, J., concurring specially), and I fully concur as to all other issues addressed in the majority opinion.

Hurst v. State (Hurst ), 202 So.3d 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017) ; see Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016).