CANADY, C.J., concurring in part and dissenting in part.
I agree that Foster's Hurst claim should be rejected. I adhere to the view that Hurst should not be given retroactive effect on postconviction review. See Mosley v. State , 209 So.3d 1248, 1285-91 (Fla. 2016) (Canady, J., concurring in part and dissenting in part). And I adhere to the view that when-as here-a jury verdict has established the existence of an aggravator, there is no violation of the requirements of Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). See Hurst v. State , 202 So.3d 40, 77-82 (Fla. 2016) (Canady, J., dissenting), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). So I concur in result regarding the majority's affirmance of the denial of Hurst relief.
I dissent from the reversal of the denial of Foster's intellectual disability claim. On that issue, I would affirm the trial court. In my view, Hall should not be given retroactive effect on postconviction review. See Walls v. State , 213 So.3d 340, 350-52 (Fla. 2016) (Canady, J., dissenting).
POLSTON, J., concurs.