# Supreme Court of Florida

_____

No. SC18-2024
_____

**LEROY POOLER,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

July 2, 2020

PER CURIAM.

Leroy Pooler appeals an order summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851.[1]  We affirm the denial of relief.

In 1996, Pooler was convicted of the first-degree murder of his ex-girlfriend, Kim Wright Brown, burglary, and attempted first-degree murder with a firearm. *See Pooler v. State*, 704 So. 2d 1375, 1377 (Fla. 1997).  He was sentenced to death for the first-degree murder following a jury's recommendation for death by a vote of nine to three, and on direct appeal, this Court affirmed Pooler's convictions and

_____

1. We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

sentences. *Id.* at 1377, 1381. His sentence of death became final in 1998, when the United States Supreme Court denied certiorari review. *Pooler v. Florida*, 525 U.S. 848 (1998). We also affirmed the denial of Pooler's initial postconviction motion. *Pooler v. State*, 980 So. 2d 460, 462 (Fla. 2008).

In 2015, Pooler filed a successive postconviction motion claiming that he is intellectually disabled and entitled to relief based on *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Hall v. Florida*, 572 U.S. 701 (2014); a claim seeking relief under *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016); and a claim seeking relief under an alleged *Hurst*-induced *Caldwell*[2] claim. In October 2018, the circuit court entered an order summarily denying Pooler's successive postconviction motion finding that his intellectual disability claim is time-barred and that Pooler is not entitled to *Hurst* relief.

First, Pooler is not entitled to postconviction relief based on his intellectual disability claim. As this Court stated in *Phillips v. State*, 45 Fla. L. Weekly S163 (Fla. May 21, 2020), *Hall* does not apply retroactively. Accordingly, we affirm the postconviction court's summary denial of Pooler's intellectual disability claim.

Second, Pooler is not entitled to *Hurst* relief. *See State v. Poole*, 45 Fla. L. Weekly S41, S48 (Fla. Jan. 23, 2020) ("The jury in Poole's case unanimously found that, during the course of the first-degree murder of Noah Scott, Poole

---

2. *Caldwell v. Mississippi*, 472 U.S. 320 (1985).

committed the crimes of attempted first-degree murder of White, sexual battery of White, armed burglary, and armed robbery. Under this Court's longstanding precedent interpreting *Ring v. Arizona* [536 U.S. 584 (2002)] and under a correct understanding of *Hurst v. Florida*, this satisfied the requirement that a jury unanimously find a statutory aggravating circumstance beyond a reasonable doubt."); *Pooler*, 704 So. 2d at 1377 ("[Pooler] was convicted of burglary and attempted first-degree murder with a firearm."). We also reject Pooler's *Hurst*-induced *Caldwell* claim. *See Reynolds v. State*, 251 So. 3d 811, 825 (Fla. 2018) (stating that, because it did not violate *Caldwell* to refer to the jury's role as advisory prior to the *Hurst* decisions, "a *Caldwell* claim . . . cannot [now] be used to retroactively invalidate the jury instructions that were proper at the time under Florida law").

Accordingly, we affirm the postconviction court's summary denial of Pooler's successive postconviction motion.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, and COURIEL, JJ., concur.
LABARGA, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Palm Beach County,
    Jeffrey Colbath, Judge - Case No 501995CF001117AXXXMB

Linda McDermott of McClain & McDermott, P.A., Estero, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Leslie T. Campbell, Senior Assistant Attorney General, West Palm Beach, Florida,

    for Appellee