# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Jerry Buck Inman, a/k/a Jerry Buck Inmon, Respondent-Petitioner,

v.

State of South Carolina, Petitioner-Respondent.

Appellate Case No. 2020-000881

———————

Appeal From Pickens County
Alexander S. Macaulay, Circuit Court Judge

———————

Opinion No. 28135
Submitted January 26, 2023 – Filed February 15, 2023

———————

## REVERSED AND REMANDED

———————

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, and Senior
Assistant Deputy Attorney General Melody Jane Brown,
of Columbia, for Petitioner-Respondent.

E. Charles Grose, Jr., of Grose Law Firm LLC, of
Greenwood; Diana L. Holt, of Diana Holt LLC, of
Columbia, for Respondent-Petitioner.

———————

**PER CURIAM:** Both parties appeal from an order of the post-conviction relief
(PCR) court granting PCR to Respondent-Petitioner Jerry Buck Inman. The PCR
court ruled upon only one issue raised by Inman—that section 16-3-20(B) of the
South Carolina Code (2015) is unconstitutional. The PCR court ruled it was
unconstitutional. We reverse the order of the PCR court on that issue and remand

for the PCR court to address Inman's remaining issues, as required by S.C. Code Ann. § 17-27-80 (2014).

Inman pled guilty to murder, first-degree burglary, first-degree criminal sexual conduct (CSC), and kidnapping. In electing to plead guilty, Inman waived his right to a jury trial and to have a jury hear his case in sentencing. *See* S.C. Code Ann. § 16-3-20(B) ("If trial by jury has been waived by the defendant and the State, or if the defendant pleaded guilty, the sentencing proceeding *must* be conducted before the judge." (emphasis added)). The plea court sentenced Inman to death for murder and two consecutive sentences of thirty years' imprisonment for first-degree burglary and first-degree CSC.[1] This Court affirmed Inman's guilty pleas and sentences, and the United States Supreme Court denied Inman's request for a writ of certiorari. *State v. Inman*, 395 S.C. 539, 720 S.E.2d 31 (2011), *cert. denied sub nom. Inman v. South Carolina*, 568 U.S. 863 (2012).

In his PCR application, Inman asserted a number of claims. However, the PCR court addressed *only* one: whether section 16-3-20(B) was constitutional.[2] The PCR court found section 16-3-20(B) unconstitutional pursuant to *Hurst v. Florida*, 577 U.S. 92 (2016). In *Hurst*, the United State Supreme Court considered a Florida statute under which a jury in a capital trial rendered an advisory sentence, but the trial judge sentenced the defendant notwithstanding the recommendation of the jury, even in cases where the defendant exercised the right to a jury trial. *Id.* at 95–96. The Supreme Court held this scheme violated the Sixth Amendment. *Id.* at 99.

We recently addressed the application of *Hurst* to section 16-3-20(B) in *State v. Jenkins*, 436 S.C. 362, 872 S.E.2d 620 (2022). In *Jenkins*, we noted that we have repeatedly addressed the argument that section 16-3-20(B) is unconstitutional and have held the statute constitutional on each occasion. *Id.* at 372, 872 S.E.2d at 625. We further held *Hurst* is distinguishable from cases involving section 16-3-20(B) because the Florida sentencing procedure at issue applied even in cases where the defendant exercised the right to a trial by jury. *Id.* at 373, 872 S.E.2d at 626.

---

[1] The plea court did not impose a sentence for kidnapping as Inman was sentenced for the related murder charge. *See* S.C. Code Ann. § 16-3-910 (2015) (providing a mandatory minimum sentence for kidnapping unless the defendant was sentenced for murder).

[2] Both Inman and the State filed Rule 59(e), SCRCP, motions, which the PCR court denied.

Section 16-3-20(B) applies only after a defendant has knowingly and voluntarily *waived* the Sixth Amendment right to a jury trial. Therefore, we reiterate what we have held on many prior occasions—section 16-3-20(B) is constitutional. *Id.* ("We once more affirm the constitutionality of the subsection 16-3-20(B) requirement that a capital defendant who pleads guilty to murder must be sentenced by the trial court."). The PCR court erred in finding section 16-3-20(B) unconstitutional and in granting Inman PCR as to this issue. Accordingly, we reverse the PCR court's ruling on that issue.

We further hold the PCR court erred in failing to address Inman's remaining PCR claims as required by S.C. Code Ann. § 17-27-80 (providing the PCR court must make specific findings of fact and state expressly its conclusions of law relating to each issue presented). *See Simmons v. State*, 416 S.C. 584, 592–93, 788 S.E.2d 220, 225 (2016) (holding the PCR court erred in failing to make specific findings of fact and rulings of law on each issue raised by the petitioner despite granting PCR on one issue).

### III. CONCLUSION

Because we hold section 16-3-20(B) is constitutional, we grant both petitions for writs of certiorari, dispense with further briefing, reverse the PCR court's decision granting Inman PCR relief, and remand the case for an order that complies with section 17-27-80 as to Inman's remaining issues.

**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, and JAMES, JJ., concur. FEW, J., not participating.**